UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED KING FILM DISTRIBUTION LTD, D.B.S. SATELLITE SERVICES (1998) LTD, HOT COMMUNICATION SYSTEMS LTD, CHARLTON LTD, RESHET MEDIA LTD, AND KESHET BROADCASTING LTD,

        Plaintiffs,

-- against --

DOES 1-10, d/b/a **Israel.tv,**

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 1:21-cv-11024-AJN

**DECLARATION OF MARK S. KAUFMAN IN SUPPORT OF PLAINTIFFS' MOTION**

MARK S. KAUFMAN declares the following:

1. I am an attorney duly licensed to practice law in this court, a partner at Kaufman & Kahn, LLP, attorneys of record for Plaintiffs United King Film Distribution Ltd, D.B.S. Satellite Services (1998) Ltd, Hot Communication Systems Ltd, Charlton Ltd, Reshet Media Ltd, and Keshet Broadcasting Ltd ("**Plaintiffs**").

2. Plaintiffs commenced this action for direct, vicarious and contributory copyright infringement, violation of the Digital Millennium Copyright Act, and violation of New York GBL Section 349. A copy of the Amended Complaint is annexed and made **Exhibit 1** hereto.

3. Defendants own and operate the website located at www.israel.tv (the "**Website**").

4. Defendants' service, provided through the Website and also available at other domains and as an application on several platforms, is re-broadcasting and streaming in the United States (and elsewhere) Hebrew-language television and online channels and content owned by Plaintiffs and other copyright owners, which content is authorized for broadcasting and streaming

only in the State of Israel (except as licensed for distribution in the United States through other platforms, none of which include the Website).

5. As set forth in the accompanying Declaration of Albertino Matalon ("**Matalon**"), none of the Plaintiffs authorize the Website to transmit, stream, distribute, publicly perform, link to, host, promote, advertise, and display in the United States any of Plaintiffs' movies, television series, live coverage of sports events and news. *See* Matalon, ¶¶3-4.

6. A copy of the home page of the Website is annexed and made **Exhibit 2** hereto. Notably, the icons and content advertised on the Website shows that it provides access to the channels and content which Plaintiffs broadcast exclusively in Israel (except as licensed for distribution in the United States).

A. **Expedited Discovery Is Warranted to Identify Defendants**

7. The Website does not identify Defendants or provide their contact information, but expedited discovery upon the vendors providing services to the Website might disclose such information.

8. Upon information and belief, Name.com provides domain registrar services to Defendants. By letter dated and sent by email on November 19, 2021, I demanded that Name.com disclose the identity and contact information of Defendants. By email dated November 21, 2021, Name.com responded that it was not a host so it could not "take down" the Website, and declined to provide the requested contact information.

9. Upon information and belief, Cloudflare provides streaming services to Defendants. By letter dated and emailed on October 25, 2021, I requested that Cloudflare stop helping Defendants to stream the infringing Website to Website users, and to identify and provide contact information for the Defendants. Cloudflare responded that it was not a host so could not

"take down" the Website. Cloudflare declined to respond to my demand to identify the Defendants.

10. Upon information and belief, Defendants accept payment for subscriptions to the Website through Visa. Co-counsel in Israel requested that Visa identify and provide contact information for the account holders but counsel received no response. *See* Presenti, ¶¶ 6-8.

11. An application (the "**Website App**") to facilitate users' access to the Website is hosted on the Amazon App Store. By letter dated and emailed on October 25, 2021, I requested that Amazon stop allowing Defendants to provide their Website App on the App Store and to identify and provide contact information for the Defendants. Amazon declined to respond to my demand, including my demand to identify the Defendants or provide their contact information.

12. Upon information and belief, an individual named Joel Boyle located in London developed the Website App. He did not respond to the demands of Plaintiffs' Israeli counsel to identify the Defendants. *See* Presenti, ¶ 11.

13. The following domains link to the infringing Website, and Plaintiffs understand the domains were registered anonymously by Jewella Privacy Services: israel.tv; israeli.tv israeltv.com, israeltv.xyz, and israel-tv.xyz.

14. By letter dated and sent by email on November 15, 2021, I demanded that Jewella disclose the identity and contact information of Defendants. By email dated November 16, 2021, Jewella responded and stated that "Fabulous" hosted the Website and that Defendants could be reached at the email address israeltv.com@fab.JewellaPrivacy.com; that the Website used the nameservers cloe.ns.cloudflare.com and oswald.ns.cloudflare.com; and that Name.com, Inc. was the registrar for the domain Israel.tv. When I attempted to write back for additional contact information, Jewella declined to substantively respond. (A copy of the email dated November 16, 2021 from Jewella is annexed and made **Exhibit 4** hereto.)

15. Upon information and belief, Roku is hosting a channel that enables the Website to stream to Roku's users. (A copy of a page from Roku's website advertising the "Israel TV" channel is annexed and made **Exhibit 5** hereto.)

16. Based on the foregoing, the above-described vendors who are providing services to the Defendants are likely to have information that identifies the owners and operators of the Infringing Websites.

### B. Alternative Service by Electronic Means is Warranted

17. The true names, capacities, and contact information of Defendants are unknown to Plaintiffs at this time, and Defendants attempt to avoid identification by failing to provide an actual address where they can be contacted and held accountable for their infringing conduct.

18. A copy of the "Contact Us" page of the Website is annexed and made **Exhibit 3** hereto. Notably, the purported physical address for the Defendants is in Istanbul, Turkey.

19. As set forth in the accompanying Declaration of Eran Presenti ("Presenti"), Plaintiffs' counsel in Israel sent a demand letter by Federal Express to the Defendants at the Istanbul address, but the package was returned as undeliverable. Presenti, ¶¶ 17-18.

20. Based on the foregoing, Defendants clearly are attempting to avoid identification of their names and locations, which would frustrate any service of process that requires physical delivery of court documents.

21. The "Contact Us" page also provides for contacting Defendants by email at info@israel.tv, and through the Website's portal inviting the user to input contact information and questions or comments to obtain support.

22. An email was sent to info@israel.tv and a response received. *See* Presenti, Ex. G.

4

23. Thus, service upon the Defendants through the Website portal and at the email address provided on the Website "Contact Us" page is reasonably calculated to reach the Defendants and to apprise them of the claims asserted against them.

WHEREFORE, Plaintiffs respectfully request that the Court issue an order:

A. Granting expedited discovery of the names, addresses, telephone numbers and email addresses of the operator and/or owners (the "Defendants") of the website located at www.israel.tv (the "Website"), through vendors that provide services to the Website, including but not limited to Name.com, Cloudflare, Visa, Amazon.com, Joel Boyle, and Roku;

B. Allowing for service of the pleadings and this motion on Defendants by providing a link to DropBox or any other cloud-based service to a folder containing such court documents, and sending such link to Defendants through the email addresses info@israel.tv and israeltv.com@fab.JewellaPrivacy.com (along with emailing the summons, complaint and the Court's order) and through the Website's "Contact Us" customer support portal; and

C. For such additional relief as the Court deems just and appropriate.

I declare under penalty of perjury of the United States of America that the foregoing is true.

Dated: New York, New York
January 3, 2021

KAUFMAN & KAHN, LLP

By: /s/ Mark S. Kaufman
Mark S. Kaufman
10 Grand Central
155 East 44th Street, 19th Floor
New York, New York  10017
Tel.:  (212) 293-5556
Email:  Kaufman@kaufmankahn.com
*Attorneys for Plaintiffs*

5