UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED KING FILM DISTRIBUTION LTD, D.B.S. SATELLITE SERVICES (1998) LTD, HOT COMMUNICATION SYSTEMS LTD, CHARLTON LTD, RESHET MEDIA LTD, AND KESHET BROADCASTING LTD, | : : : : |
| Plaintiffs, | : |
| -- against -- | : |
| DOES 1-10, d/b/a **Israel.tv**, | : |
| Defendants. | : |

Case No. 1:21-cv-11024-AJN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR DEFAULT JUDGMENT AND POST-JUDGMENT DISCOVERY**

KAUFMAN & KAHN, LLP
Mark S. Kaufman
  (Email: Kaufman@KaufmanKahn.com)
10 Grand Central
155 East 44th Street, 19th Floor
New York, New York 10017
Tel.: (212) 293-5556
*Attorneys for Plaintiffs*

# MEMORANDUM OF LAW IN SUPPORT OF MOTION
# FOR DEFAULT JUDGMENT AND POST-JUDGMENT DISCOVERY

Pursuant to U.S. Copyright Act, 17 U.S.C. § 502, the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(1)(A), N.Y. CPLR § 302(a), and Fed. R. Civ. P. 4(k), Plaintiffs United King Film Distribution Ltd, D.B.S. Satellite Services (1998) Ltd, HOT Communication Systems Ltd, Charlton Ltd, Reshet Media Ltd, and Keshet Broadcasting Ltd (together "**Plaintiffs**)", by their attorneys Kaufman & Kahn, LLP, hereby move the Court for an Order granting judgment by default, including statutory damages for copyright infringement and DMCA circumvention, a permanent injunction against the Doe Defendants and against third-parties that enable Defendants to stream their pirated content, and post-judgment discovery.

## INTRODUCTION[1]

As set forth in detail in the Complaint (Dkt. #5), Plaintiffs are movie, television, sports and news broadcasting channels and producers in the State of Israel. (*Id.* ¶ 18). Plaintiffs commenced this action because Defendants, as the owners and operators of the website (the "Website") located at the domain www.Israel.TV are liable for direct, vicarious and contributory copyright infringement because the Website is re-broadcasting and streaming, in the United States, Hebrew-language television and online channels and content owned by Plaintiffs exclusively for broadcasting and streaming in Israel (except as licensed in the United States). Defendants also are circumventing technological measures that effectively control access to Plaintiffs' works. (*Id.,* ¶¶ 16, 63-66).

---

[1] The facts supporting Plaintiffs' requests herein are set forth in the accompanying Declarations of Mark S. Kaufman dated February 25, 2022 ("**Kaufman**") and Eran Presenti dated February 25, 2022 ("**Presenti**"). "Dkt. #s" refer to document numbers as filed by ECF for this case, as available on PACER.

2

Attempting to unmask Defendants, Plaintiffs sent subpoenas to various companies that Plaintiffs' investigative reports indicated have been facilitating the infringing Website. (Kaufman, ¶¶ 8-11). Only Roku has substantively responded and identified individuals who might be developers for the infringing Website rather than the Website's owners or operators. Meanwhile, Defendants have defaulted in responding to the Complaint, duly served as provided in the Court's Order for Expedited Discovery and Alternative Service dated January 19, 2022 (Dkt. #19). The Court Clerk has issued a Certificate of Default (Dkt. #26). Plaintiffs hereby move the Court to enter default judgment accordingly.

Plaintiffs seek in their Complaint, and herein request, both damages from the infringing conduct and an Order permanently to enjoin such unauthorized re-transmission and streaming of Plaintiffs' content. (Dkt. #5, ¶¶ 61, 68). Even after an Israeli court issued injunctions against Defendants and directed the ISPs in Israel to stop allowing Defendants to infringe Plaintiffs' content (Presenti, ¶¶ 4-5; *see also* Exhibit A (Dkt. #17-1) and Exhibit B (Dkt. #17-2), to Presenti's Amended Declaration dated January 18, 2022 (Dkt. #17), Defendants demonstrated their infringement was willful by continuing to provide on the Website in the United States the movies, television series, sports and news stations owned by Plaintiffs.

Defendants sell the Hebrew-language content by subscription to Israeli expatriates in the United States. In so doing, Defendants are undermining the ability of Plaintiffs to sell legitimate subscription services to Plaintiffs' content in the U.S., which Plaintiffs launched in August 2021. (Presenti, ¶¶10-13). Defendants are undoubtedly aware that their activities are illegal, yet they persist in them, all along profiting from their blatantly illegal conduct.

I. **Default Judgment Is Appropriate**

A default judgment is justified where a defendant fails to respond to the complaint. *Bermudez v. Reid*, 733 F.2d 18, 21 (2nd Cir. 1984). *Accord, Pareja v. 184 Food Corp.*, 2021 U.S. Dist. LEXIS 136945, *10, 2021 WL 3109621 (S.D.N.Y., July 22, 2021), quoting *S.E.C. v. Anticevic*, No. 05-CV-06991 (KMW), 2009 U.S. Dist. LEXIS 111008, 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30, 2009). "Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation.". *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)

"Courts are authorized to enter default judgment even against anonymous defendants as long as service of process is reasonably calculated to give notice." *Microsoft Corp. v. Does*, No 20-CV-1217, 2021 U.S. Dist. LEXIS 101862, *10, 2021 WL 4755518 (E.D.N.Y., May 17, 2021), quoting Fed. R. Civ. P. 4(f)(2), (3). "In several recent cases out of the Southern District of New York, courts have entered judgment against a John Doe defendant and awarded compensatory and injunctive relief." *Navika Capital Grp., LLC v. Doe*, No. 14 CV 5968, 2017 U.S. Dist. LEXIS 2926, *12-13 (E.D.N.Y., Jan. 6, 2017), citing *AW Licensing, LLC v. Ba*o, No. 15 CV 1373, 2016 U.S. Dist. LEXIS 66791, 2016 WL 2641829, at *1-2 (S.D.N.Y. Jan. 11, 2016) (after service of complaint, entering default judgment against John Doe defendants for trademark infringement and cybsersquatting); *Belstaff Grp. SA v. Doe*, No. 15 CV 2242, 2015 U.S. Dist. LEXIS 178124, 2015 WL 10852520, at *1-3 (S.D.N.Y. June 18, 2015) (same; for trademark infringement claims); *Paramount Pictures Corp. v. Does*, No. 15 CV 5819, 2015 U.S. Dist. LEXIS 174693, 2015 WL 10013786, at *1-4 (S.D.N.Y. Nov. 24, 2015) (same, for copyright and trademark infringement claims).

Thus, "where an unidentified defendant has been properly served with a complaint and has nevertheless failed to answer or otherwise respond, the fact that the defendant cannot be physically

4

identified does not impede a court's ability to enter judgment against it." *Navika Capital Grp,* 2017 U.S. Dist. LEXIS 2926, *13-14.

## II. Damages Under the Copyright Act and DMCA

To prevail on a claim of copyright infringement, a plaintiff must establish (1) ownership of a valid copyright and (2) infringement of that copyright by the defendant. *WowWee Grp. Ltd v. Meirly*, 18-CV-706 (AJN), 2019 U.S. Dist. LEXIS 51905, *18 (S.D.N.Y., March 27, 2019); *Allstar Mktg. Grp., LLC v. 178623*, 19-cv-3186 (AJN), 2020 U.S. Dist. LEXIS 181086, *9-10, (S.D.N.Y., Sept. 30, 2020). Plaintiffs have established that they have valid copyrights, both those registered in the United States and those subject to copyright protection in Israel and, through the Berne Convention, the United States Copyright Act. (Dkt. #5, ¶¶ 22, 48-49). *See* 17 U.S.C. §§ 411(a) (copyright registration is required for "U.S. works"), 101 (definitions of "U.S. Works", "Berne Convention"), 104(b) (works subject to copyright include those whose author is a national or domiciliary of a treaty party). *See, e.g., Chadha v. Chadha*, No. CV 16-3739 (ENV) (AKT), 2020 U.S. Dist. LEXIS 35627, at *37 (E.D.N.Y. Mar. 2, 2020) ("Registration is only a prerequisite when the foreign copyright holder seeks statutory damages and attorney's fees."). Defendants indisputably are streaming Plaintiffs' works on the Website. (Dkt. #5, ¶¶ 1, 26, 27). Thus, Plaintiffs have established copyright infringement.

The Copyright Act provides the Court with discretion to award statutory damages between $750 and $30,000 per infringed work. 17 U.S.C. § 504(c)(1). Where a plaintiff establishes that defendant's infringement was willful, the court may award up to $150,000 per work. 17 U.S.C. § 504(c)(2). To determine whether a defendant has acted willfully, there is no need to find the infringer acted maliciously; a finding of reckless disregard is sufficient. *See, e.g., Twin Peaks Prods., Inc. v. Publ'ns Int'l, Inc.,* 996 F.2d 1366, 1380-81 (2d Cir. 1993) (permitting plaintiff to

elect statutory remedy where damages were difficult to ascertain; "author of eight scripts for eight television episodes is not limited to one award of statutory damages.") Defendant's actual or constructive knowledge that his actions constituted an infringement is sufficient to impose liability. *See Knitwaves, Inc. v. Lollytogs, Ltd.,* 71 F.3d 996, 1010 (2nd Cir. 1995) (constructive knowledge or reckless disregard is sufficient and may be inferred from the defendant's conduct).

Reckless disregard sufficient to constitute willful knowledge has been inferred from defendants' failure to defend an action. *Asia TV USA Ltd. v. Kamran Int'l Trade, Ltd.*, 17 CV 5057, 2018 U.S. Dist. LEXIS 166786, *19-21 (E.D.N.Y. Sept. 25, 2018), *citing Tu v. TAD System Tech. Inc.,* No. 08 CV 3822, 2009 U.S. Dist. LEXIS 82410, 2009 WL 2905780, at *4-5 (E.D.N.Y. 2009) (complaint sufficiently established violations of Copyright Act and DMCA).

The Copyright Act provides district courts with wide discretion to set statutory damages. Courts consider multiple factors in determining the amount of statutory damages, including the expenses saved and profits reaped by the defendant, the value of the copyright, the deterrent effect on the defendant and on others besides the defendant, whether the defendant has cooperated in providing records from which to assess the value of the infringing material, and whether the defendant's conduct was innocent or willful. *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.,* 807 F.2d 1110, 1116-17 (2nd Cir. 1986) (collecting cases); *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113 (2nd Cir. 2001) (experienced publisher was recklessly indifferent to its infringing conduct).

Defendants' conduct can be deemed willful and subject to maximum statutory damages when the defendant had knowledge of the copyrights and continued publication of infringing material. *See Twin Peaks,* 996 F.2d at 1381-82. Maximum statutory damages are also appropriate where defendant received notice that they did not have any distribution rights. *See Hounddog Prods. LLC v. Empire Film Group*, 826 F. Supp. 2d 619, 631 (S.D.N.Y. 2011) (adopting report

and recommendation as to default judgment). Courts have awarded maximum statutory damages even in the context of a default where the Court has little to no evidence of defendants' profits. *See Tu v. TAD System Tech. Inc.*, 2009 U.S. Dist. LEXIS 82410, *17 (in a default judgment where record contains no evidence of actual scope of defendants' sales, "given the scope of the internet supermarket, such sale offerings are presumptively quite high"). Where the infringing materials were advertised on the internet, courts have awarded the statutory maximum under the reasoning that advertising infringed materials over the internet gives defendants access to a "virtually limitless number of customers." *Id.*

In this case, plaintiffs seek the maximum statutory award of $150,000 based on defendants' willful violation of plaintiffs' copyrighted television programming and movies. ([Dkt. #5](#), ¶¶ 22, 23; see also ¶¶ 1, 3, 25, 41-43, et seq.). As set forth Exhibit A to the Complaint ([Dkt. #5-1](#)), Plaintiffs have at least 273 works (not counting multiple episodes of television series or multiple live sports events) that are not registered in the United States but are subject to copyright protection pursuant to the Berne Convention. As set forth in Exhibit B to the Amended Complaint ([Dkt. #5-2](#)), Plaintiffs have 51 works registered in the United States. Because the registered works are a small fraction of the works subject to copyright protection, and because only registered works are subject to statutory damages for copyright infringement, Plaintiffs respectfully request that the Court award Plaintiffs with $150,000, the maximum statutory damages, for each of the 51 registered works, for a total of $7,650,000.

Plaintiffs respectfully submit that they have more than demonstrated that Defendants' infringement is deliberate and willful. Plaintiffs transmit their programming in an encrypted form, either as cable television transmission or via satellite transmission, and defendants' various services and hardware permit end-user consumers to bypass the Plaintiffs' encryption to view the

7

content on the Plaintiffs' protected websites. (Dkt. #5, ¶65). Not only do Defendants bypass Plaintiffs' encryption measures in order "to intercept and transmit plaintiffs' programming, but they promote and advertise their device and its capabilities on their webpage, using plaintiffs' trademarks and icons so that consumers will know that they will be able to access the plaintiffs' channels and programs." *Asia TV USA Ltd.*, 2018 U.S. Dist. LEXIS 166786, *19-21 (E.D.N.Y. Sept. 25, 2018) (granting maximum statutory damages).

Defendants also have failed to contest that they circumvented computer protection devices intended to protect the copyrights they infringed. As such, Plaintiffs are also entitled to statutory damages in the amount of $2,500 per infringement, plus attorneys' fees.

### III. Injunctive Relief Is Appropriate in this Case

Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from Plaintiffs' and this Court's detection, including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information for the Website. Kaufman, ¶ 7; Presenti, ¶¶ 6-7.

#### A. The Court Should Grant a Permanent Injunction Against Defendants

"[A] permanent injunction is appropriate if the plaintiff has demonstrated (1) that it suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that the balance of hardships between the parties warrants a remedy in equity for the plaintiff; and (4) that the public interest would not be disserved." *WowWee Grp.,* 2019 U.S. Dist. LEXIS 51905, *22 (granting permanent injunction and statutory damages on default), quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837 (2006).

The uncontroverted allegations in the Complaint establish that Defendants repeatedly ignored Plaintiffs' cease-and-desist letters; that Defendants continued to infringe on Plaintiffs'

copyrights despite knowledge of those copyrights; and that Defendants continued to engage in their infringing conduct even after an Israeli court issued two injunctions (Presenti, ¶¶ 3-5; see also Dkt. #17, Dkt. #17-1, and Dkt. #17-2 (copies of Israeli court injunctions).[2] Under such circumstances, the Court has grounds to believe that Defendants would continue to infringe upon Plaintiffs' copyrights unless an injunction is issued. *See Broadcast Music, Inc. [BMI] v. Bayside Boys, Inc*., 12-CV-3717, 2013 U.S. Dist. LEXIS 135912, *18-19 (E.D.N.Y., Aug. 21, 2013)) (granting injunction by default judgment).

Irreparable harm is readily demonstrated in this case, because as long as consumers have access to Defendants' infringing services, those users will not purchase subscriptions to Plaintiffs' legitimate streaming services in the U.S. (Presenti, ¶¶ 10-13.) *See ABC v. Aereo, Inc*., No. 12-cv-1540-AJN, 2014 U.S. Dist. LEXIS 150555, at *30 (S.D.N.Y. Oct. 23, 2014) ("findings of irreparable harm to Plaintiffs based on loss of subscribers due to cord cutting, loss of control over copyrighted content, and damage to relationships with content providers, advertisers, or licensees.") Further, "live retransmissions of plaintiffs' copyrighted programming over the Internet would substantially diminish the value of the programming. Second, plaintiffs' losses would be difficult to measure and monetary damages would be insufficient to remedy the harms. Third, [defendant] would be unable to pay damages should plaintiffs prevail." *WPIX, Inc. v. ivi, Inc*., 691 F.3d 275, 285 (2nd Cir. 2012).

"Defaulting defendants' failure to appear or otherwise defend or participate in this action gives the Court no assurance that their infringing activity will cease." *Paramount Pictures Corp. v. Does*, No. 15-CV-5819 (PAC), 2015 U.S. Dist. LEXIS 174693, *6 (S.D.N.Y. Nov. 24, 2015)

---

[2] The Israeli court limited its injunctive relief to enjoining Defendants and third-party service providers located in Israel; thus, Plaintiffs could not merely seek to enforce the Israeli court's orders in the United States.

(ownership of domain names of infringing websites "amply" provides defendants "the means to quickly reestablish their infringing enterprise"). This speaks to the second element necessary for a permanent injunction: absent the requested relief, Defendants will continue to infringe on Plaintiffs' programming. *See, e.g., Allstar Mktg. Grp., LLC v. 178623*, 2020 U.S. Dist. LEXIS 181086, *9-10; *Moose Toys Pty LTD v. Addition*, 18-cv-9262 (AJN), 2020 U.S. Dist. LEXIS 95387, *15, 2020 WL 2832767 (S.D.N.Y., May 31, 2020).

Under these circumstances, the balance of equities is in Plaintiffs' favor because defendants have no legitimate interest that would be damaged by Plaintiffs' requested injunctive relief. Moreover, the requested relief is in the public interest because it will effectuate the policy and purpose of the Copyright Act "to protect intellectual property rights and to incentivize the creation of copyrightable works." *Paramount Pictures Corp. v. Does*, 2015 U.S. Dist. LEXIS 174693, *7-8. "[T]he public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality." *Moose Toys*, 2020 U.S. Dist. LEXIS 95387, *15-16, quoting *N.Y.C. Triathlon, LLC v. Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010).

Based on the foregoing, Plaintiffs respectfully request that the Court grant the requested permanent injunction against the Doe Defendants.

### B. Permanent Injunction Against ISPs, Registries and Registrars Is Necessary

Plaintiffs also seek an Order directing registries and registrars to disable the domain names used by the Website, and for ISPs to stop providing access to the Website, or to any comparable device or service offered by defendants now or in the future, because Defendants rely on "domain name registries and registrars and internet service providers to update the software on its devices and stream infringing video content to users." *TVB Holdings (USA), Inc. v. HTV Int'l Ltd.*, 16-CV-

1489, 2018 U.S. Dist. LEXIS 41323, *23-24, 2018 WL 7076022 (E.D.N.Y. March 9, 2018) (granting injunction against third parties from providing services to infringing streaming services). Under F.R.C.P. 65, the Court may issue an injunction that binds "other persons who are in active concert or participation with" the defendants and "who receive actual notice of it by personal service or otherwise." Fed. R. Civ. P. 65(d)(2)(C). *Id.*, citing *Triangl Grp. Ltd. v. Jiangmen City Xinhui Dist. Lingzhi Garment Co.,* No. 16-CV-1498 (PGG), 2017 U.S. Dist. LEXIS 102256, 2017 WL 2829752, at *8 (S.D.N.Y. June 22, 2017) (enjoining "any third parties, including social media platforms,…online marketplaces, online payment providers, including credit card companies,… and other online service providers … to cease providing such services to the Defaulting Defendants" and to transfer domain names to plaintiff); *Warner Bros. Entm't, Inc. v. Doe*, No. 14-CV-3492 (KPF) (S.D.N.Y. Oct. 3, 2014) (enjoining ISPs and registrars); *Tory Burch LLC v. Yong Sheng Int'l Trade Co.*, No. 10-CV-9336 (DAB), 2011 U.S. Dist. LEXIS 158882, 2011 WL 13042618, at *2 (S.D.N.Y. May 13, 2011) (enjoining ISPs and other service providers, and directing, *inter alia*, transfer of domain names).

Accordingly, Plaintiffs respectfully request that the Court issue an Order that incorporates *inter alia* the following information in order to enjoin Defendants from engaging in infringing conduct:

    a. A list of the domains associated with the Website, along with their respective registrars and registries (as set forth in Presenti, Ex. A);

    b. A list of the ISPs that serve the majority of internet users in the U.S. (as set forth in Presenti, Ex. B); and

    c. A list of third party service providers who upon information and belief are providing services to the Defendants and the infringing Website (as set forth in

Presenti, Ex. C).

Additionally, as requested in the Complaint (Dkt. #5, at 13, ¶ A.3), Plaintiffs seek an injunction directing registries and registrars to disable the domain names used in connection with the Website and transfer those domains to Plaintiffs. See *TVB Holdings (USA), Inc.*, 2018 U.S. Dist. LEXIS 41323, *23-24; *Tory Burch LLC v. Yong Sheng Int'l Trade Co.*, 2011 U.S. Dist. LEXIS 158882, *7. Further, to avoid the delays involved in transferring domains to Plaintiffs, Plaintiffs seek an injunction diverting Website users to a "landing page" at an IP address controlled by Plaintiffs which would provide substantially as follows:

> **On \_\_\_\_, 2022, in the case of *United King Distributors, et. al. v. Does 1-10, d/b/a Israel.tv* (S.D.N.Y., Case No. 1:21-cv-11024 (AJN, RWL)), the U.S. District Court for the Southern District of New York issued an Order to block all access to this website/ service due to copyright infringement**

This would also serve to provide additional notice of the permanent injunction.

### IV. Post-Judgment Discovery

Plaintiffs request post-judgment discovery pursuant to F.R. Civ. Pro. Rule 69 in the aid of satisfying the Court's judgment. Specifically, Plaintiffs request post-judgment discovery to identify additional domain privacy services, internet service providers and social media platforms that might provide the location of defendants' assets to aid in satisfying the Court's judgment. This post-judgment discovery could also provide the identity of the third parties that may be hosting the defendants' services. The Court has authority to grant broad post-judgment discovery in aid of execution of a judgment. *Asia TV USA Ltd. v. Kamran Int'l Trade, Ltd.*, 2018 U.S. Dist. LEXIS 166786, *30-31, citing *Aurelius Capital Master. Ltd., v. Republic of Argentina*, 589 Fed. Appx. 16 (2d Cir. 2014).

Accordingly, Plaintiffs respectfully request that the Court grant post-judgment discovery pursuant to Fed. R. Civ. P. Rule 69 in this case in aid of enforcing the Court's judgment.

## CONCLUSION

WHEREFORE, Plaintiffs United King Film Distribution Ltd, D.B.S. Satellite Services (1998) Ltd, HOT Communication Systems Ltd, Charlton Ltd, Reshet Media Ltd, and Keshet Broadcasting Ltd respectfully request the Court issue an Order substantially in the form of the Proposed Default Judgment and Permanent Injunction Order provided herewith (the proposed "Order"), which includes in part the following relief:

I. Granting Plaintiffs an award of damages against Defendants in the amount of $7,650,000, plus attorneys' fees and costs, and interest at 9% per year;

II. Permanent Injunctive Relief:

    A. Enjoining Defendants from infringing any of the content produced by Plaintiffs or that comprises any Plaintiff's channel or website;

    B. Directing ISPs to block access to the Website or any Newly-Detected Website (as defined in the Order), and to divert all users to a Landing Page (as defined in the Order) at a dedicated IP Address operated by Plaintiffs which Landing Page provides an explanation that the Website is so blocked because it infringes copyright;

    C. Enjoining any Third Party Service Provider (as defined in the Order), from providing services to Defendants;

    D. Directing registries and registrars to disable the domain names used in connection with the Website and transfer those domains to Plaintiffs; and

    E. Directing any credit card company or other Account Holder (as defined in the Order) to restrain any Defendant's funds and pay them over to Plaintiffs after 30 days;

III. Granting Plaintiffs leave to engage in post-judgment discovery; and

IV. For such additional relief as the Court deems just and appropriate.

Dated: New York, New York
      February 25, 2022

KAUFMAN & KAHN, LLP

By: /s/ Mark S. Kaufman
Mark S. Kaufman
10 Grand Central
155 East 44th Street, 19th Floor
New York, New York 10017
Tel.: (212) 293-5556
Email: Kaufman@kaufmankahn.com
*Attorneys for Plaintiffs*