UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED KING FILM DISTRIBUTION LTD, D.B.S. SATELLITE SERVICES (1998) LTD, HOT COMMUNICATION SYSTEMS LTD, CHARLTON LTD, RESHET MEDIA LTD, and KESHET BROADCASTING LTD, <br><br> Plaintiff, <br><br> -v.- <br><br> DOES 1-10 *d/b/a* ISRAEL.TV, <br><br> Defendant. | 21 Civ. 11024 (KPF) <br><br> **DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

KATHERINE POLK FAILLA, District Judge:

Plaintiffs United King Film Distribution Ltd, D.B.S. Satellite Services (1998) Ltd, HOT Communication Systems Ltd, Charlton Ltd, Reshet Media Ltd, and Keshet Broadcasting Ltd (together "**Plaintiffs**"), by their attorneys Kaufman & Kahn, LLP, having commenced this action against Defendants Does 1-10, d/b/a Israel.tv, as the owners and operators of the website, service and/or applications (the "**Website**") located at or linking to the domain www.Israel.TV;

Defendants having been properly served with the Summons and Amended Complaint on January 24, 2022, pursuant to the Court's Order for Expedited Discovery and Alternative Service dated January 19, 2022 and entered the same day (the "Order for Alternative Service");

None of the Defendants having filed a response to Plaintiffs' Amended Complaint or otherwise appeared in this action;

The Clerk of the Court having issued a Certificate of Default dated February 22, 2022;

Plaintiffs having moved for default judgment under Fed. R. Civ. P. 55 and for a Permanent Injunction; and

The Court having reviewed the Amended Complaint, Memorandum of Law in support of this Order, and supporting declarations and exhibits submitted therewith, and pursuant to all papers and proceedings to date, this Court now finds with respect to the Defendants the following:

1. Plaintiffs are movie, television, sports and news content producers and providers in Israel, providing copyrighted programming to hundreds of thousands of subscribers throughout Israel, by cable or satellite broadcasting and online through their own platforms.

2. Plaintiffs own a valid U.S. copyright registration in each of at least 51 original works, and at least 273 unregistered works (not counting individual seasons and episodes, or individual sports events) subject to copyright protection as provided in the U.S. Copyright Act of 1976, as amended (the "Registered Copyrights"), which Plaintiffs produce and stream on the internet and broadcast for television in Israel (the "Plaintiffs' Works").

3. Through the Website, Defendants have been re-broadcasting and streaming Plaintiffs' original content, broadcasting channels and TV services which are only authorized for broadcasting and/or viewing in the territory of the State of Israel and under a license (the "**Infringing Broadcasting**").

4. The Infringing Broadcasting includes original content produced and owned by Plaintiffs, mostly in Hebrew, and also from major studios in the United

States and elsewhere, licensed to Plaintiffs for broadcasting exclusively in Israel (except as expressly licensed for broadcast in the United States).

5.    Plaintiffs transmit their programming in an encrypted form, either as cable television transmission or via satellite transmission, and Defendants' various services and hardware permit end-user consumers to bypass the Plaintiffs' encryption to view Plaintiffs' content.

6.    Defendants are liable for direct, vicarious and contributory copyright infringement because the Website is re-broadcasting and streaming, in the United States, Hebrew-language television and online channels and content owned by Plaintiffs, and/or exclusively licensed for broadcasting and streaming in Israel, and because Defendants are circumventing technological measures that effectively control access to Plaintiffs' Works.

7.    Defendants are liable for violating the anti-circumvention provision of the Digital Millennium Copyright Act (DMCA).

8.    The copying, distribution, offering for sale and sale of Infringing Broadcasting will result in irreparable injury to Plaintiffs if injunctive relief is not granted;

9.    Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from Plaintiffs' and this Court's detection, including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information for the infringing Website; and

10.   Plaintiffs' harm from denial of the requested Preliminary Injunction would outweigh any harm to Defendants' legitimate interests from granting such

an Injunction.

## I.  DAMAGES

IT IS HEREBY ORDERED that Plaintiffs are awarded damages against Defendants in the following amounts:

A.     Pursuant to 17 U.S.C. § 504(c), statutory damages in the amount of $150,000 for each of Plaintiffs' 51 Registered Copyrights, in the amount of $7,650,000;

B.     For Plaintiffs' attorneys' fees and costs pursuant to 17 U.S.C. § 505 in an amount to be determined and set forth in a separate judgment;

C.     For pre-judgment interest on all monetary relief, from December 22, 2021, at the statutory rate of 9% per annum.

D.     For post-judgment interest to accrue at the federal rate established by 28 U.S.C. § 1961.

## II.  PERMANENT INJUNCTION ORDER

### A.  Against Defendants:

IT IS FURTHER ORDERED that Defendants, including their agents, servants, employees, affiliates, representatives, successors or assigns and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations, having actual knowledge of this Default Judgment and Permanent Injunction Order (this "**Order**") by service, actual notice or otherwise, be and are hereby permanently enjoined and restrained from the following:

1.     Directly   or   indirectly   infringing,   transmitting,

streaming, distributing, making available to the public, broadcasting, publicly performing, linking to, hosting, promoting, advertising, or displaying in the United States, through the Website, or any other domain, server, website, device, application, service, or process, (a) any of the content produced, owned and/or distributed by Plaintiffs on their respective channels or websites or (b) any of the content that comprises any Plaintiff's channel or website or which any Plaintiff licenses to others for distribution;

2.   Directly or indirectly infringing any of Plaintiffs' exclusive rights in Plaintiffs' Works (including film, television, sports events and news broadcasting), whether or not registered, now in existence or later created, including without limitation by copying, streaming or otherwise distributing, offering for sale or selling (via the Internet or through other means) any of Plaintiffs' Works; and

3.   Operating and/or hosting Defendants' Infringing Website, whether at the domain https://Israel.tv, any of the other domain names set forth in **Exhibit A** annexed to and made a part hereof, or at any Newly-Detected Website as defined below; and

4.   Inducing or contributing to any other person's or entity's conduct that falls within Sub-Paragraphs 1 through 3, above; and

5.   Selling, leasing, licensing, assigning, conveying, distributing, loaning, encumbering, pledging, or otherwise transferring, whether or not for consideration or compensation, any part of their infringing operations or assets;

5

6. Removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' infringing Website(s), Defendants' assets and operations, or relating in any way to the copying, broadcasting, streaming or otherwise distributing, making available to the public, offering for sale and/or selling any of any reproduction or broadcasting feed of Plaintiffs' Works;

## B.     Against Internet Service Providers (ISPs):

IT IS FURTHER ORDERED that all ISPs (including without limitation those set forth in **Exhibit B** hereto) and any other ISPs providing services in the United States shall block access to the Website at any domain address known today (including but not limited to those set forth in Exhibit A hereto) or to be used in the future by the Defendants ("**Newly-Detected Websites**") by any technological means available on the ISPs' systems.  The domain addresses and any Newly-Detected Websites shall be channeled in such a way that users will be unable to connect and/or use the Website, and will be diverted by the ISPs' DNS servers to a landing page operated and controlled by Plaintiffs (the "**Landing Page**") which can be reached as follows:

Domain:        **zira-usa-11024.org**

IP Address: 206.41.119.64     (Dedicated)

The Landing Page will include substantially the following information:

**On April 26, 2022, in the case of *United King Distributors, et al. v. Does 1-10, d/b/a Israel.tv* (S.D.N.Y., Case No. 1:21-cv-11024 (KPF) (RWL)), the U.S. District**

**Court for the Southern District of New York issued an Order to block all access to this website/ service due to copyright infringement**

### C.   Against Third Party Services, Generally

IT IS FURTHER ORDERED, that third parties providing services used in connection with Defendants' operations -- including, without limitation, ISPs, web hosting providers, CDN service providers, DNS service providers, VPN service providers, domain name purchasing service, domain names privacy service, back-end service providers, affiliate program providers, web designers, shippers, search-based online advertising services (such as through-paid inclusion, paid search results, sponsored search results, sponsored links, and Internet keyword advertising), any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions, including without limitation, PayPal, and any other service provider which has provided services or in the future provides services to Defendants and/or the infringing Website (including without limitation those set forth in the list annexed and made **Exhibit C** annexed hereto) (each, a "**Third Party Service Provider**") -- having knowledge of this Order by service, actual notice or otherwise be and are hereby permanently enjoined from providing services to the Website (through any of the domain names set forth in Exhibit A hereto or at any Newly-Detected Websites) or to any Defendant in conjunction with any of the acts set forth in subparagraphs (A)(1) to (A)(6) above;

and

**D.      Against Registrars and Registries**

IT IS FURTHER ORDERED as follows:

1.      That all domain names associated with the infringing Website, including without limitation those set forth in Exhibit A hereto, as well as any Newly-Detected Websites, be transferred to Plaintiffs' ownership and control; and

2.      That in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, and due to Defendants' on-going operation of their counterfeiting activities, in the event Plaintiffs identifies any Newly-Detected Website registered or operated by any Defendant and used in conjunction with the streaming any of Plaintiffs' Works, including such Websites utilizing domain names containing any of Plaintiffs' service mark or marks confusingly similar thereto, Plaintiffs shall have the ongoing authority to serve this Order on the domain name registries and/or the individual registrars holding and/or listing one or more of such the domain names associated with the Newly-Detected Websites; and

3.      That the domain name registries and/or the individual registrars holding and/or listing one or more of the domain names associated with the Newly-Detected Websites, within seven (7) days of service of a copy of this Order, shall temporarily disable any domain names associated with the Newly-Detected Websites, make them inactive, and channel them in such a way that users will be unable to connect and/or use the Website, and ***will be***

***diverted to the Landing Page*** (as defined in Paragraph B, above); and

        4.    That after thirty (30) business days following the service of this Order, the registries and/or the individual registrars shall provide Plaintiffs with all contact information for the Newly-Detected Websites; shall transfer any domain names associated with the Newly-Detected Websites to the ownership and control of Plaintiffs, through the registrar of Plaintiffs' choosing, unless the Defendant has filed with the Court and served upon Plaintiffs' counsel a request that such Newly-Detected Websites be exempted from this Order or unless Plaintiffs requests that such domain names associated with the Newly-Detected Websites be released rather than transferred; and

        5.    That any Defendant may upon two (2) business days' written notice to the Court and Plaintiffs' counsel, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of such domain names associated with the Newly-Detected Websites belonging to or controlled by any Defendant; and

### E.   <ins>Against Defendants' Monetary Accounts</ins>

IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders:

        1.    That until Plaintiffs have recovered the full payment of monies owed to them by any Defendant under this Order, in the event Plaintiffs discover new monies or accounts belonging to or controlled by any Defendant, Plaintiffs shall have the ongoing authority to serve this Order on any party controlling or otherwise holding such accounts, including but not limited to

banks, PayPal or other merchant account providers, payment providers, or third party processors (each, an "**Account Holder**"); and

        2.    That each Account Holder shall immediately locate and restrain all accounts belonging to or controlled by such Defendant from transferring or disposing of any money, stocks or other of such Defendant's assets, and shall prevent such funds from being transferred or withdrawn by such Defendant and shall provide Plaintiffs with the information relating to those websites and/or accounts; and

        3.    That after thirty (30) business days following the service of this Order on such Defendant and Account Holder, Account Holder shall transfer all monies in the restrained accounts to Plaintiffs, unless the Defendant has filed with the Court and served upon Plaintiffs' counsel a request that such monies be exempted from this Order; and

        4.    That any Defendant may upon two (2) business days' written notice to the Court and to Plaintiffs' counsel, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of such new monies or accounts belonging to or controlled by any Defendant; and

### III.   <u>Post-Judgment Discovery</u>

IT IS FURTHER ORDERED, that Plaintiffs may engage in post-judgment discovery pursuant to Fed. R. Civ. P. Rule 69 by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: (1) Defendants, their agents, servants, employees, affiliates, attorneys, successors

or assigns and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, merchant account providers, payment processors or providers, credit card associations, or other financial institutions, including without limitation, PayPal, which receive payments or hold assets on behalf of Defendants or of the infringing Website; and/or (3) any Third Party Service Provider; and

IT IS FURTHER ORDERED, that any Third Party Service Provider shall within five (5) days after receipt of such notice, provide copies of all documents, communications and records in such person or entity's possession or control relating to any of the following:

1.    The identities and addresses (physical and email) of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' infringing Websites and financial accounts (except that domain name registration privacy protection services shall provide the information in this subparagraph F.1. within two (2) days after receipt of notice);

2.    The infringing Websites;

3.    Any domain names registered by Defendants associated with the infringing Websites, including without limitation any Newly-Detected Website; and

4.    Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates,

attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions, including without limitation, PayPal; and

IV. **Service of Process via Email**

IT IS FURTHER ORDERED, that Plaintiffs shall serve a copy of this Order and service of process on Defendants through the "Contact Us" Portal on the Website and by email or other electronic means to addresses used by Defendants in conjunction with their infringing Website and set forth in the Order for Alternative Service, which Plaintiffs have demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4, shall be deemed sufficient service; and

IT IS FINALLY ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Default Judgment and Permanent Injunction Order.

Dated:     April 26, 2022
           New York, New York

_____
Hon. Katherine Polk Failla
United States District Judge

EXHIBIT A

| Domain | Registrar: | Name Servers: | Registrant Contact | Technical Contact\info |
|---|---|---|---|---|
| www.israel.Tv | Name.com, Inc. abuse@name.com | Name Servers: cloe.ns.cloudflare.com oswald.ns.cloudflare.com Server Type Cloudflare | Domain Protection Services, Inc. PO Box 1769 Denver, CO  80201 | Registry Domain ID: 110126866 DOMAIN TV- |
| www.israeli.tv | Name.com, Inc. abuse@name.com | cloe.ns.cloudflare.com domain 23,288,013 oswald.ns.cloudflare.com Domain  23,288,013 | Domain Protection Services, Inc. PO Box 1769 Denver, CO  80201 | Registry Domain ID: 86518386_DOMAIN_TV- |
| www.israeltv.com | Sea Wasp LLC, d/b/a Fabulous.com URLhttp://www.fabulous.com abuse@fabulous.com | lila.ns.cloudflare.com 172.64.32.186 owen.ns.cloudflare.com 172.64.33.219 | Jewella Privacy Jewella Privacy LLC Privacy ID# 908758 5860 Citrus Blvd, Suite D, #172 Harahan, LA  70123 Email : lsraeltv.com @fab.JewellaPrivacy.com | Name:Jewella Privacy Jewella Privacy LLC Privacy ID# 908758 5860 Citrus Blvd, Suite D, #172 Harahan, LA  70123 Phone:+1.5043550545 Email : israeltv.com@**fab.JewellaPrivacy.com** |
| www.israel-tv.xyz | NameCheap, Inc. abuse@namecheap.com +1.985-401-4545 | Namecheap, Inc. Dns1.registrar-servers.com 156.154.132.200 dns2.registrar-servers.com 156.154.133.200 | Namecheap, Inc. 4600 East Washington Street, Suite 305 Phoenix, AZ  85034 Attn :  Namecheap Legal Department Legal@namecheap.com Kalkofnsvegur 2 Revkjavik, Iceland  101 | Registry Domain ID: D96078989-CNIC Registrant handle: 9ann260ygljwdrnn |
| https://zira.to | Unknown | | | |
| https://t2m.is.isr | Unknown | | | |
| https://t2m.ac/zira | Unknown | | | Customer service email:  isrtv@pm.me |
| https://cutt.ly/6DDhRau | Unknown | | | |
| https://t2m.ac/cht | Unknown | | | |
| https://israeltv.to | Unknown | | | |
| https://isr.dev | Unknown | | | |

# EXHIBIT B

# List of ISPS

| Provider | Est. Population Covered | States | Max Speed |
| --- | --- | --- | --- |
| HughesNet | 308,745,538 | 53 | 25 mbps |
| Viasat Internet | 308,511,223 | 51 | 100 mbps |
| AT&T Wireless | 306,461,488 | 53 | 10 mbps |
| Verizon | 305,032,264 | 51 | 10 mbps |
| T-Mobile | 288,319,911 | 51 | 10 mbps |
| AT&T Internet | 121,099,227 | 21 | 940 mbps |
| T-Mobile Home Internet | 120,511,416 | 50 | 115 mbps |
| Ultra Home Internet | 120,511,416 | 50 | 100 mbps |
| Xfinity | 111,927,145 | 40 | 3000 mbps |

| | | | |
|---|---|---|---|
| Spectrum | 102,726,027 | 44 | 1000 mbps |
| EarthLink | 99,191,941 | 26 | 940 mbps |
| Cricket Wireless | 94,688,250 | 37 | 6 mbps |
| Metro® by T-Mobile | 54,308,583 | 5 | 1.5 mbps |
| Verizon High Speed Internet | 48,884,813 | 11 | 15 mbps |
| CenturyLink | 48,564,011 | 53 | 940 mbps |
| Verizon Fios | 34,765,005 | 10 | 940 mbps |
| Frontier Communications | 30,535,954 | 25 | 940 mbps |
| U.S. Cellular | 25,083,868 | 19 | 6 mbps |
| Cox Communications | 20,941,074 | 19 | 1000 mbps |
| Rise Broadband | 19,448,012 | 48 | 250 mbps |

| | | | |
|---|---|---|---|
| Windstream | 12,660,437 | 51 | 1000 mbps |
| Optimum by Altice | 11,941,064 | 5 | 1000 mbps |
| King Street Wireless | 7,959,776 | 24 | 1 mbps |
| WOW! | 7,174,627 | 9 | 1000 mbps |
| Suddenlink Communications | 7,020,099 | 17 | 1000 mbps |
| Mediacom Cable | 6,564,176 | 22 | 1000 mbps |
| Etheric Networks | 5,887,782 | 1 | 10000 mbps |
| Starry Internet | 5,444,394 | 7 | 200 mbps |
| Nextlink Internet | 5,396,899 | 7 | 1000 mbps |
| Agile Networks | 5,124,661 | 5 | 100 mbps |
| Metronet | 5,122,649 | 8 | 1000 mbps |

| | | | |
|---|---|---|---|
| Triad Wireless | 4,794,761 | 1 | 300 mbps |
| Wisper ISP | 4,744,766 | 6 | 1000 mbps |
| Consolidated Communications (Formerly Fairpoint Communications) | 4,572,375 | 21 | 1000 mbps |
| RCN | 4,311,158 | 8 | 1000 mbps |
| Sparklight (formerly Cable One) | 4,292,287 | 21 | 1000 mbps |
| C Spire Fiber | 4,215,951 | 10 | 1000 mbps |
| Everywhere Wireless | 3,916,796 | 1 | 1000 mbps |
| UnWired Broadband | 3,823,827 | 1 | 30 mbps |
| TWN Communications | 3,668,658 | 5 | 15 mbps |
| Phoenix Internet | 3,565,037 | 1 | 50 mbps |
| WATCH Communications | 3,462,352 | 4 | 1000 mbps |

| Ranch Wireless | 3,294,333 | 1 | 25 mbps |
|---|---|---|---|
| BarrierFree | 3,030,290 | 1 | 25 mbps |
| Cruzio Internet | 3,024,653 | 1 | 1000 mbps |
| Google Fiber | 2,848,858 | 9 | 2000 mbps |
| TierOne Networks | 2,827,432 | 1 | 5 mbps |
| Ziply Fiber | 2,754,505 | 4 | 100 mbps |
| Nextera Communications | 2,589,030 | 2 | 100 mbps |
| Stimulus Technologies | 2,204,655 | 4 | 1000 mbps |
| Wave Broadband | 2,109,144 | 3 | 1000 mbps |
| TDS Telecom | 2,048,611 | 27 | 1000 mbps |
| Lynx Communications | 1,967,675 | 1 | 200 mbps |

| | | | |
|---|---|---|---|
| Cirra Networks | 1,918,117 | 1 | 50 mbps |
| Atlantic Broadband | 1,897,822 | 13 | 1000 mbps |
| lv.net | 1,878,128 | 1 | 3 mbps |
| Utah Broadband | 1,865,241 | 1 | 60 mbps |
| Brown Dog Networks | 1,832,464 | 1 | 15 mbps |
| ERF Wireless | 1,815,907 | 1 | 0.768 mbps |
| Packet Layer | 1,773,320 | 2 | 10000 mbps |
| Mercury Wireless | 1,771,521 | 5 | 1000 mbps |
| Cal.net | 1,754,125 | 1 | 25 mbps |
| Sonic | 1,696,048 | 1 | 2000 mbps |
| AtLink | 1,691,963 | 1 | 25 mbps |

| | | | |
|---|---|---|---|
| Sky Fiber | 1,629,454 | 3 | 100 mbps |
| Hoosier Broadband | 1,608,106 | 1 | 30 mbps |
| Cellcom | 1,607,399 | 1 | 1000 mbps |
| LTD Broadband | 1,574,180 | 5 | 500 mbps |
| Phoenix Broadband | 1,555,648 | 1 | 20 mbps |
| Cincinnati Bell | 1,518,281 | 18 | 1000 mbps |
| KwiKom Communications | 1,494,126 | 2 | 1000 mbps |
| Aerux Broadband | 1,476,008 | 2 | 10000 mbps |
| Grande Communications | 1,419,741 | 1 | 1000 mbps |
| ZipLink Internet.com | 1,406,552 | 1 | 50 mbps |
| Texas Wireless Internet | 1,329,342 | 1 | 10 mbps |

| | | | |
|---|---|---|---|
| Go Creative Wireless | 1,306,270 | 1 | 100 mbps |
| Vyve Broadband | 1,295,573 | 16 | 1000 mbps |
| Hawaiian Telcom | 1,282,690 | 1 | 1000 mbps |
| Rock Solid Internet & Telephone | 1,279,768 | 1 | 100 mbps |
| Mobi | 1,229,272 | 1 | 0.768 mbps |
| All Points Broadband | 1,199,657 | 4 | 200 mbps |
| Blast Communications | 1,194,172 | 1 | 6 mbps |
| Sinlar Broadband | 1,191,083 | 1 | 3 mbps |
| E-Vergent Wireless | 1,145,741 | 2 | 65 mbps |
| Bluespan | 1,094,904 | 2 | 1000 mbps |
| Fire2Wire | 1,093,271 | 1 | 15 mbps |

| | | | |
|---|---|---|---|
| Cibola Wireless | 1,064,735 | 1 | 50 mbps |
| Armstrong | 1,063,965 | 6 | 1000 mbps |
| North Coast Wireless Communications | 1,056,585 | 1 | 1000 mbps |
| Viaero Wireless | 1,055,202 | 5 | 15 mbps |
| Surf Broadband Solutions | 1,038,470 | 3 | 1000 mbps |
| DigitalPath | 1,033,365 | 2 | 1000 mbps |
| Simply Bits | 1,033,190 | 1 | 100 mbps |
| Argon Technologies | 1,031,005 | 1 | 15 mbps |
| CityLink Telecommunications | 1,006,149 | 1 | 1000 mbps |
| DLS Internet Services | 1,001,690 | 1 | 10 mbps |

EXHIBIT C

**Vendors Providing Services to the Website Located at www.israel.tv (the "Website")**

Google

Mycloud.my

Facebook

Name.com

Cloudflare

Visa

Mastercard

Roku

Apple App Store

Amazon.com App Store

Joel A. Boyle

Jewella Privacy Service, Inc.

Namecheap, Inc.

Vocalnet.co.UK