UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED KING FILM DISTRIBUTION LTD,
D.B.S. SATELLITE SERVICES (1998) LTD,
HOT COMMUNICATION SYSTEMS LTD,
CHARLTON LTD, RESHET MEDIA LTD,
and KESHET BROADCASTING LTD,

     Plaintiffs,

-v.-

DOES 1-10 *d/b/a* ISRAEL.TV,

     Defendants.

21 Civ. 11024 (KPF)

---

UNITED KING FILM DISTRIBUTION LTD,
D.B.S. SATELLITE SERVICES (1998) LTD,
HOT COMMUNICATION SYSTEMS LTD,
CHARLTON LTD, RESHET MEDIA LTD,
and KESHET BROADCASTING LTD,

     Plaintiffs,

-v.-

DOES 1-10 *d/b/a* ISRAELI-TV.COM,

     Defendants.

21 Civ. 11025 (KPF)

---

UNITED KING FILM DISTRIBUTION LTD,
D.B.S. SATELLITE SERVICES (1998) LTD,
HOT COMMUNICATION SYSTEMS LTD,
CHARLTON LTD, RESHET MEDIA LTD,
and KESHET BROADCASTING LTD,

     Plaintiffs,

-v.-

DOES 1-10 *d/b/a* SDAROT.COM,

     Defendants.

21 Civ. 11026 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

These three related copyright infringement actions were filed on December 22, 2021. (Dkt. #1).[1] Two weeks later, on January 3, 2022, Plaintiffs moved in each case for expedited discovery and for leave to serve by alternate means (Dkt. #8-14, 16-17), which motions were granted on January 19, 2022 (Dkt. #19). Defendants failed to answer or otherwise respond to the complaints, and this Court entered default judgments on April 26, 2022. (Dkt. #49). Each default judgment indicated that the Court would award attorneys' fees and costs in a separate order. (*Id.*).

On May 22, 2022, Plaintiffs moved for attorneys' fees in all three cases in the aggregate amount of $92,525.71 and costs in the aggregate amount of $13,174.97, for a total of $105,700.68. (Dkt. #53). As support, counsel for Plaintiffs, Mark S. Kaufman of the law firm Kaufman & Kahn LLP, submitted a declaration and numerous billing records. For the reasons set forth in the remainder of this Order, the Court awards attorneys' fees in the amount of $60,300.00 and costs in the amount of $13,174.97, for a total of $73,474.97.

## APPLICABLE LAW

As recently observed by Judge Sullivan, sitting by designation in this District:

> Section 505 of the Copyright Act provides that a court may "award a reasonable attorney's fee to the prevailing party" in a copyright action. 17 U.S.C. § 505. The Supreme Court has identified "several nonexclusive

---

[1] Unless otherwise indicated, docket references in this order are to the docket in case number 21 Civ. 11024 (KPF). The dockets in the other two cases are substantively identical, save for the different defendants in each.

2

> factors" to guide district courts in exercising their discretion under section 505, including "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng* v. *John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (alterations adopted) (quoting *Fogerty* v. *Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)); *see also Manhattan Rev. LLC* v. *Yun*, 765 F. App'x 574, 576 (2d Cir. 2019). "Although objective reasonableness carries significant weight, courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Kirtsaeng*, 579 U.S. at 209. Courts may award fees even without a finding of unreasonableness "because of a party's litigation misconduct" or "to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims." *Id.* A court may also consider other factors, so long as they are consistent with the Copyright Act's "purpose of enriching the general public through access to creative works," striking a balance between encouraging authors' novel creations and enabling others to build upon that creative work. *Fogerty*, 510 U.S. at 527.

*Capitol Recs., LLC* v. *ReDigi Inc.*, No. 12 Civ. 95 (RJS), 2022 WL 1046463, at *3 (S.D.N.Y. Apr. 7, 2022). In the instant case, the Court finds that awarding attorneys' fees and other costs is warranted, because (i) Defendants have defaulted after engaging in a breathtaking amount of infringing activity; (ii) their infringement has been found to be willful; and (iii) such an award will further serve the goal of deterrence of copyright infringement. *See Kepner-Tregoe, Inc.* v. *Vroom*, 186 F.3d 283, 289 (2d Cir. 1999) (affirming award of attorneys' fees and costs where defendant's copyright infringement was willful), *cited in Mockingbird 38, LLC* v. *Int'l Bus. Times, Inc.*, No. 21 Civ. 283 (LJL), 2022 WL 154137, at *6 (S.D.N.Y. Jan. 18, 2022).

Attorneys' fees are awarded by determining the "presumptively reasonable fee," often referred to as the "lodestar." *Millea* v. *Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)); *see also Perdue* v. *Kenny A. ex rel. Winn*, 559 U.S. 542, 552-53 (2010). This fee is calculated by multiplying the "reasonable hourly rate and the reasonable number of hours required by the case." *Millea*, 658 F.3d at 166. Courts may, only after the initial calculation of the presumptively reasonable fee, adjust the total when it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Lilly* v. *City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) (citing *Millea*, 658 F.3d at 167). In short, a district court exercises considerable discretion in awarding attorneys' fees. *See Millea*, 658 F.3d at 166; *see also Arbor Hill*, 522 F.3d at 190.

When evaluating reasonable hourly rates, courts look at "the rate a paying client would be willing to pay," and take into account "all case-specific variables." *Arbor Hill*, 522 F.3d at 189-90. It is well-settled that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," and that "such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." *Id.* The Second Circuit's "forum rule" also requires courts to "generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." *Simmons* v. *N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir.

4

2009) (quoting *Arbor Hill*, 493 F.3d at 119). Finally, courts in this District have recognized that an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of" a reasonable hourly rate. *In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99 Civ. 962 (RCC), 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006).

When evaluating the number of hours, a court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Haley* v. *Pataki*, 106 F.3d 478, 484 (2d Cir. 1997) (internal quotation marks and citation omitted). In addition, a court should examine the hours expended by counsel with a view to the value of the work product to the client's case. *See Lunday* v. *City of Albany*, 42 F.3d 131, 133 (2d Cir. 1994) (per curiam). A court is to exclude "excessive, redundant[,] or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino* v. *Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

In determining whether hours are excessive, "the critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Samms* v. *Abrams*, 198 F. Supp. 3d 311, 322 (S.D.N.Y. 2016) (quoting *Grant* v. *Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). And where "the billing records are voluminous, it is less important that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent." *Yea Kim* v. *167 Nail Plaza, Inc.*, No. 05 Civ.

5

8560 (GBD) (GWG), 2009 WL 77876, at *4 (S.D.N.Y. Jan. 12, 2009) (internal quotation marks and citation omitted).  A court also retains the discretion to make across-the-board percentage reductions to exclude unreasonable hours, colloquially referred to as "trimming the fat."  *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987); *E.S.* v. *Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011), *aff'd sub nom. E.S. ex rel. B.S.* v. *Katonah-Lewisboro Sch. Dist.*, 487 F. App'x 619 (2d Cir. 2012) (summary order).

A court also looks at the nature of the legal matter and context of the fee award in considering what is a reasonable rate and reasonable time spent on a matter.  *Figueroa* v. *W.M. Barr & Co., Inc.*, No. 18 Civ. 11187 (JGK) (KHP), 2020 WL 2319129, at *3 (S.D.N.Y. May 11, 2020).  The Second Circuit has suggested that courts should consider factors including, but not limited to, "the experience, reputation, and ability of the attorneys," and "awards in similar cases" in making this determination.  *Arbor Hill*, 522 F.3d at 186 n.3 (citing the factors enumerated in *Johnson* v. *Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard* v. *Bergeron*, 489 U.S. 87, 109 (1989)).  More broadly a court may consider "the purpose of the award; that is, a different presumptively reasonable fee may be warranted if the fee is being awarded as a sanction for misconduct than if the fee is being awarded in connection with a successful outcome in a statutory fee-shifting case."  *Figueroa*, 2020 WL 2319129, at *3.[2]

---

[2]   The twelve factors enumerated in *Johnson* are (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the level of skill required to perform the legal service properly; (iv) the preclusion of employment by the attorney due to acceptance of

## DISCUSSION

The Court begins with the calculation of a reasonable hourly rate. The Court understands that counsel for Plaintiffs has been practicing law since 1989; that he specializes in copyright and trademark matters; and that he has been an active member of the U.S. Copyright Society for at least fifteen years. (Dkt. #53 at ¶¶ 20-21). Counsel advises that his hourly rate in these related litigations has varied. In particular, counsel relates that his standard hourly rate for the past ten years has been $450, and that this rate is what he charged Plaintiffs for fees incurred prior to commencing the lawsuit. (*Id.* at ¶¶ 13, 22). Counsel explained, however, that he reduced his rate to $350 for services provided in connection with commencing the lawsuit and enforcing the judgment (*id.* at ¶ 23), and, further, that "Plaintiffs agreed that upon removing the infringing websites, the undersigned law firm would receive compensation for time incurred at the rate of $550 per hour" (*id.* at ¶ 24). In light of this agreement, counsel requests legal fees in the amount of $92,525.71, reflecting approximately 168.23 hours of work billed at the $550 rate. (*Id.* at ¶¶ 23-24 and Ex. A-B).

---

the case; (v) the attorney's customary hourly rate; (vi) whether the fee is fixed or contingent; (vii) the time limitations imposed by the client or the circumstances; (viii) the amount involved in the case and results obtained; (ix) the experience, reputation, and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *See Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *Cty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008) (citing *Johnson* v. *Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard* v. *Bergeron*, 489 U.S. 87 (1989)).

The Court has written and reviewed many fee petition decisions over the years, and it recognizes that there has not been perfect consistency in assessing the reasonableness of attorneys' rates.  *See generally Tessemae's LLC v. Atlantis Cap. LLC*, No. 18 Civ. 4902 (KHP), 2019 WL 2635956, at *4 (S.D.N.Y. June 27, 2019) ("Courts in this District have determined that hourly rates ranging from $250 to $1,260 per hour, for attorneys' work on a commercial litigation matter, were reasonable."), *cited in Carrington v. Graden*, No. 18 Civ. 4609 (KPF), 2020 WL 5758916, at *12 (S.D.N.Y. Sept. 28, 2020).  It is true that payment of fees by clients has been recognized by courts as "solid evidence" of their reasonableness in the market.  *See Bleecker Charles Co. v. 350 Bleecker St. Apt. Corp.*, 212 F. Supp. 2d 226, 230-31 (S.D.N.Y. 2002); *see also Carrington*, 2020 WL 5758916, at *12.  However, while counsel has submitted evidence that Plaintiffs have been billed at those rates, he has presented no evidence that Plaintiffs have actually paid these invoices.

In any event, the Court must still exercise its discretion and look to the prevailing rates within this District.  *See A.V.E.L.A., Inc. v. Estate of Monroe*, No. 12 Civ. 4828 (KPF) (JCF), 2014 WL 3610902, at *2 (S.D.N.Y. July 18, 2014) ("[T]he actual billing arrangement is a significant, though not necessarily controlling, factor in determining what fee is 'reasonable.'" (alteration in original) (internal quotation marks omitted) (quoting *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001))).  It has done so, and it concludes that $450 is a more reasonable hourly rate, given the small size of counsel's firm and the relatively straightforward theory of recovery.  *See, e.g.*,

8

*Alvarado* v. *India Abroad Publications Inc.*, No. 20 Civ. 4187 (JGK) (KHP), 2021 WL 2667034, at *4 (S.D.N.Y. June 7, 2021) ("Similar cases in this District indicate that courts regularly approve hourly rates of $350 to $500 (depending on attorney experience) in copyright cases."), *report and recommendation adopted*, No. 20 Civ. 4187 (JGK), 2021 WL 2665737 (S.D.N.Y. June 29, 2021); *Johnson* v. *Classic Material NY, LLC*, No. 19 Civ. 10529 (AJN), 2021 WL 1164089, at *6 (S.D.N.Y. Mar. 25, 2021) (allowing $385 for attorney in eighth year of practice with a specialty in copyright law), *judgment entered*, No. 19 Civ. 10529 (AJN), 2021 WL 1168136 (S.D.N.Y. Mar. 26, 2021); *Latin Am. Music Co., Inc.* v. *Spanish Broad. Sys., Inc.*, No. 13 Civ. 1526 (RJS), 2020 WL 2848232 (S.D.N.Y. June 1, 2020) (noting that courts in copyright cases consider reasonable rates of $400 to $750 an hour for partners, $200 to $450 for associates, and $150 to $200 for paralegals).

The more complicated issue for the Court is the determination of a reasonable number of hours expended. In this regard, counsel for Plaintiffs relates that he was the only attorney from his firm who worked on the matter. (Dkt. #53 at ¶ 19). To be sure, having a single attorney on the matter removes the possibility of duplication of efforts. And the Court accepts counsel's explanation that certain facets of the litigation necessitated the billing of extra hours. (*See, e.g.*, *id.* at ¶¶ 2-9, 25). Conversely — and as borne out by the relevant billing records — the absence of a division of labor in this case meant that at times counsel performed work that should have been delegated to a more junior lawyer or a paralegal. (*See, e.g.*, Dkt. #53-1 at 4 (October 12, 2021

entry for legal research; October 20, 2021 entry for assembling exhibits); *id.* at 17 (January 7, 2022 entry for e-filing)). *See, e.g.*, *Carrington*, 2020 WL 5758916, at *16 (reducing fees to account for "top-heavy" division of labor where partner performed majority of work rather than associates); *Pig Newton, Inc.* v. *The Bds. of Directors of The Motion Picture Indus. Pension Plan*, No. 13 Civ. 7312 (KPF), 2016 WL 796840, at *7 (S.D.N.Y. Feb. 24, 2016) ("In other words, while the Court recognizes the significance of the instant case to Defendants, and the consequent need to draw on the obvious expertise of the four partners who performed the lion's share of the legal services, the fact remains that the division of labor was at times unreasonable, with multiple partners involved in the same task and, perhaps more troubling, partners performing work better assigned to associates or paralegals."). Additionally, but much less significant, is the fact that counsel billed for travel time at full rate, rather than the 50% reduction that is common in this District. *Cf. Vicente* v. *Ljubica Contractors LLC*, No. 18 Civ. 419 (VSB) (OTW), 2019 WL 2137001, at *5 (S.D.N.Y. May 16, 2019) ("In this District, attorney travel time is generally compensated at 50% of the attorney's reasonable billing rate.").

In prior fee decisions, this Court has alternated between the use of an across-the-board percentage reduction and the disallowance of certain hours billed. *Compare Gamero* v. *Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 175 (S.D.N.Y. 2018) (disallowing certain time entries billed), *with Marzullo* v. *Karmic Release Ltd.*, No. 17 Civ. 7482 (KPF), 2018 WL 10741649, at *3 (S.D.N.Y. Apr. 24, 2018) (imposing across-the-board reduction of 15%). After carefully

10

considering the billing documentation, the Court believes it appropriate to reduce the hours sought by approximately 20%, principally to account for the top-heavy billing issues described above. Counsel has billed approximately 168.23 hours, which this Court reduces to 134 hours. Using the rate of $450 per hour, the Court awards attorneys' fees in the amount of $60,300.

Plaintiffs have also sought to recover the costs of the litigation. "[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg* v. *Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citation omitted); *accord Fisher* v. *SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) ("An award of costs 'normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients.'" (quoting *Reichman* v. *Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987))); *see generally Abraham* v. *Leigh*, No. 17 Civ. 5429 (KPF), 2020 WL 5512718, at *12 (S.D.N.Y. Sept. 14, 2020). Here, Plaintiffs seek $13,174.97 in costs incurred in bringing the three actions. The costs include filing fees, process server expenses, computer-aided legal research, and transcript fees. (*See generally* Dkt. #53-1). The Court has reviewed the substantiation for these costs and has determined that they are fairly traceable to Defendants' conduct. Accordingly, the Court awards costs in the amount of $13,174.97.

Finally, the Court considers the issue of joint and several liability for Defendants in all three cases. The Court recognizes that courts have differed in responding to requests to impose attorneys' fees and costs under the

Copyright Act on a joint and several basis.  *Compare Brayton Purcell LLP* v. *Recordon & Recordon*, 487 F. Supp. 2d 1124, 1131 (N.D. Cal. 2007) (declining to award attorneys' fees on joint and several basis in the absence of showing that defendants were joint tortfeasors, while noting that even if such a showing was made, "that does not require that there be joint and several liability with respect to fees and costs" (citing, *inter alia, Dumas* v. *Dagl*, No. 88 Civ. 2293 (LBS), 1990 WL 258343, at *6 (S.D.N.Y. May 22, 1990)), *with Broad. Music, Inc.* v. *Entm't Complex, Inc.,* 198 F. Supp. 2d 1291, 1297 (N.D. Ala. 2002) (finding defendants jointly and severally liable for attorney's fees and costs).  Accepting as true the well-pleaded allegations of each of Plaintiffs' complaints, the Court finds evidence of considerable copyright infringement, but not correlative evidence of concerted action among the three groups of Defendants.  For this reason, the Court will divide the fees and costs awards it has just calculated equally among the three cases, since counsel's billing records and declaration do not permit a more specific allocation among the cases.

## CONCLUSION

For the reasons set forth above, the Court awards attorneys' fees in the amount of $60,300.00 and costs in the amount of $13,174.97, for a total of $73,474.97.  Dividing those figures among the Defendants in the three cases, the Court assesses attorneys' fees in the amount of $20,100 and costs in the amount of $4,391.66 on Defendants in each of cases 21 Civ. 11024, 21 Civ. 11025, and 21 Civ. 11026.  The Clerk of Court is directed to file this Order in all three cases and to terminate all pending motions in those cases.

SO ORDERED.

Dated: May 31, 2022
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge