UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ x

| | |
|---|---|
| UNITED KING FILM DISTRIBUTION LTD, D.B.S. SATELLITE SERVICES (1998) LTD, HOT COMMUNICATION SYSTEMS LTD, CHARLTON LTD, RESHET MEDIA LTD, AND KESHET BROADCASTING LTD, :<br><br>Plaintiffs, :<br><br>-- against -- :<br><br>DOES 1-10, d/b/a **Israel.tv**, :<br><br>Defendants. : | Case No.<br>1:21-cv-11024-KPF-RWL |

------------------------------------------ x

# MEMORANDUM OF LAW IN SUPPORT OF MOTION
# FOR CONTEMPT AGAINST CLOUDFLARE, INC.

KAUFMAN & KAHN, LLP
Mark S. Kaufman
  (Email:  Kaufman@KaufmanKahn.com)
10 Grand Central
155 East 44th Street, 19th Floor
New York, New York 10017
Tel.: (212) 293-5556
*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

BACKGROUND FACTS ............................................................................................................. 4
THE APPLICABLE LEGAL STANDARDS ............................................................................... 6
ARGUMENT .................................................................................................................................. 8
   A.   Because CloudFlare Is In Active Concert or Participation With the Enjoined Defendants, It Must Comply with the Court's Injunction. ............................................................................. 8
   B.   Service on Cloudflare by Overnight Courier to Its Offices Is Appropriate ....................... 12
CONCLUSION ............................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*AMBI Distrib. Corp. v. Fouad*, 1:21-cv-1961-RBJ-NYW, 2022 U.S. Dist. LEXIS 18493, *23-24 (D. Colo. Jan. 22, 2022) .................................................................................................. 10

*Dish Network LLC v. Dillion*, 12 cv 157 BTM (NLS)2012 U.S. Dist. LEXIS 13277, *14, 2012 WL 368214 (S.D. Cal. Feb. 3, 2012) ........................................................................................ 9

*Dish Network, L.L.C. v. Dima Furniture, Inc.*, 2019 U.S. Dist. LEXIS 101098, *22-23, 2019 WL 2498224 (D. Md. June 17, 2019) ................................................................................................. 9

*Eli Lilly & Co. v. Gottstein*, 617 F.3d 186, 193 (2nd Cir. 2010 ...................................................... 11

*Havens v. James*, 435 F. Supp. 3d 494, 504 (S.D.N.Y. 2020) ......................................................... 7

*Lindland v. United States Wrestling Ass'n*, 227 F.3d 1000, 1006 (7th Cir. 2000) .......................... 7

*Malletier v. Cheaplouisvuittonoutlet.Com*, 21-62101-CIV-SCOLA/SNOW, 2022 U.S. Dist. LEXIS 68351, *24, 2022 WL 1294514 (S.D. Fl., Apr. 13, 2022) ............................................ 10

*Mattel, Inc. v. WWW.FISHER-PRICE.ONLINE*, 21-cv-9608 (LJL) 2021 U.S. Dist. LEXIS 236910, *14-15, 2021 WL 5782445 (S.D.N.Y. Dec. 6, 2021) .................................................. 12

*McGraw-Hill Global Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018) 9

*New York v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2nd Cir. 1996). ............................................ 7

*North Face Apparel Corp. v. Fujian Sharing Import & Export Ltd. Co.*, No. 10 Civ. 1630 (AKH), 2011 U.S. Dist. LEXIS 158807, *7 (S.D.N.Y. June 24, 2011) ...................................... 9

*Reich v. Sea Sprite Boat Co.*, 50 F.3d 413, 415 (7th Cir. 1995) ....................................................... 7

*South Cent. Bell Tel. Co. v. Constant, Inc.*, 304 F. Supp. 732, 736 (D. La. 1969). ......................... 9

**Statutes**

Fed. R. Civ. P. 65(d)(2) ........................................................................................................ 4, 6, 13

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR CONTEMPT AGAINST CLOUDFLARE, INC.

Plaintiffs United King Film Distribution Ltd, D.B.S. Satellite Services (1998) Ltd, HOT Communication Systems Ltd, Charlton Ltd, Reshet Media Ltd, and Keshet Broadcasting Ltd (together "**Plaintiffs**)", by their attorneys Kaufman & Kahn, LLP, hereby submit this Memorandum of Law in support of their expedited contempt motion for CloudFlare, Inc.'s violation of the Court's Order for Default Judgment and Permanent Injunction dated April 27, 2022 (the "**Order**") pursuant to Fed. R. Civ. P. 65(d)(2).  Factual support is provided in the accompanying Declaration of Mark S. Kaufman dated June 7, 2022 ("**Kaufman**"), and Declaration of Benjamin Berner dated June 7, 2022 ("**Berner**").

In the Order, the Court expressly directed non-party CloudFlare, Inc., among others, to cease providing services to the owners and operators (the "**Defendants**") of the web service known as "Israel.tv" (the "**Website**"), which is streaming without authorization the movies, television productions and sports programs of Plaintiffs.  *See* Kaufman, ¶ 2 and Ex. A ([ECF Dkt. #49](ECF Dkt. #49)) at Ex. C thereto.  Despite being served with the Order over a month ago, CloudFlare has failed to comply therewith and failed to respond to Plaintiffs' requests for compliance.  Kaufman, ¶ 3.

### BACKGROUND FACTS

CloudFlare is an internet service provider that provides authoritative domain name system servers for its customers as a means of providing content delivery network and reverse-proxy services. *See* Berner, ¶3; Kaufman Ex. B. An "authoritative domain name server" is a computer on the Internet that is designated by the domain name owner to report the correct IP address for that domain, which information is then propagated to other DNS servers worldwide as it is needed. In other words, when someone types a domain name such as "Israel.tv" into a web browser, the

Defendants have engaged CloudFlare to convert the domain name into the IP address for the website associated with that domain name so that the user can connect to the website they are trying to reach. *See* Berner ¶¶ 4-5. *See also* [*Arista Records, LLC v. Vita Tkach*, 122 F. Supp. 3d 32, 34 (S.D.N.Y., 2015; Alison J. Nathan, J.)](#)

Without CloudFlare, a user could still get to "Israel.tv" only if the user had the actual IP address for the website associated with that domain name; alternatively, Defendants could obtain CloudFlare's authoritative domain name system server from another service provider comparable to CloudFlare or Defendants could provide that same service on their own. However, Cloudflare is by far the best service provider of its kind. Berner, ¶ 6; *Arista*, 122 F. Supp. 3d at 34. Cloudflare also provides the defendant with content delivery network (CDN) services. As advertised by Cloudflare: "Cloudflare offers ultra-fast static and dynamic content delivery over our global edge network. Exercise precise control over how your content is cached, reduce bandwidth costs, and take advantage of built-in unmetered DDoS protection." *See* Kaufman Ex. B. CDN services are the foundation of online streaming.

CDN services are crucial for online streaming of content. CDN services optimize the delivery of customers' websites from the customers' origin server to visitors' browsers. This gives visitors to a customer's website faster page load times and better performance, while blocking threats and abusive bots and crawlers from attacking the websites (cyber-attacks known as DDoS). Berner, ¶ 7; *Arista*, 122 F. Supp. 3d at 34. If Cloudflare complied with the Court's Order and ceased providing services to the Defendants, then the infringing service might be prevented from continuing its illegal conduct in the U.S. and other countries. Berner, ¶ 8.

Plaintiffs served on CloudFlare a subpoena duces tecum dated February 1, 2022 addressed to CloudFlare's offices located at 101 Townsend Street, San Francisco, CA 94107, Attn: Legal

Department. Kaufman ¶ 7 and Ex. C. By letter dated March 28, 2022, CloudFlare responded to Plaintiffs' subpoena. Kaufman ¶ 8 and Ex. D. The response indicated that on August 24, 2016, a user opened a CloudFlare account associated with the Website. Kaufman ¶ 9.

Plaintiffs served a copy of the Order on CloudFlare and requested that it cease providing support to the Website. Kaufman ¶¶ 10-13 and Ex. E, F and G. Plaintiffs also sent emails dated May 11, 2022 to abuse@cloudflare.com and dated May 19, 2022 addressed to abusedocuments@cloudflare.com and registrar-abuse@cloudflare.com, advising CloudFlare of its non-compliance with the Order. CloudFlare did not respond to the Order or the emails demanding compliance therewith. *See* Kaufman ¶¶ 14 and Ex. H.

As recently as May 22, 2022, five additional domains associated with the infringing Website were created and opened accounts with Cloudflare. *See* Berner, ¶¶ 9-11 and Ex. A. Thus, despite being served with the Order over a month ago, CloudFlare failed to comply therewith. Cloudflare is still providing services that enable Defendants' infringing Website to operat, and permitted a user (or users) to establish at least five new accounts that configured the Website to use CloudFlare's services through new domains. Berner, ¶¶ 12-13.

## THE APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 65 expressly that every injunction binds not only the parties and their agents but also "other persons who are in active concert or participation with them." Fed. R. Civ. P. 65(d)(2). See *Arista Records, LLC v. Vita Tkach*, 122 F. Supp. 3d 32, 35(S.D.N.Y. 2015). "A person who knowingly assists a defendant in violating an injunction subjects himself to civil as well as criminal proceedings for contempt." *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930) (Hand, J.).

"Active concert or participation" exists if the third party "aided and abetted" the party subject to the injunction. This requires "show[ing] that the non-party had actual knowledge of the judicial decree and violated it, and that the challenged action was taken for the benefit of, or to assist, a party subject to the decree." *Id*., 122 F. Supp. 3d at 36. *See also Lindland v. United States Wrestling Ass'n*, 227 F.3d 1000, 1006 (7th Cir. 2000) ("The 'active concert or participation' clause is designed to prevent what may well have happened here: the addressee of an injunction, eager to avoid its obligations, persuades a friendly third party to take steps that frustrate the injunction's effectiveness."), citing *Reich v. Sea Sprite Boat Co.*, 50 F.3d 413, 415 (7th Cir. 1995) ("Sea Sprite contended that it did not need to comply with the regulation because our order is too vague…").

Motions for contempt pursuant to Fed. R. Civ. Pro. 70 are granted against non-parties to a lawsuit who fail to comply with an injunction of which they receive actual notice and who are bound by Rule 65(d) to so comply. "Thus, civil contempt sanctions may be assessed against nonparties who had actual notice of the orders in effect at the time in question and participated with defendants in violating those orders." *New York State NOW v. Terry*, 732 F. Supp. 388, 399-400 (S.D.N.Y. 1990) (granting civil penalties and attorneys' fees against non-parties for failure to comply with injunction despite receiving notice thereof).  "The party seeking enforcement of an order bears the burden of demonstrating that the persons to be held in contempt are within the scope of the injunction." *New York v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2nd Cir. 1996). "Every injunction issued by a district court automatically forbids others — who are not directly enjoined but who are 'in active concert or participation' with an enjoined party — from assisting in a violation of the injunction," *Havens v. James*, 435 F. Supp. 3d 494, 504 (S.D.N.Y. 2020).

## ARGUMENT

### A. Because CloudFlare Is In Active Concert or Participation With the Enjoined Defendants, It Must Comply with the Court's Injunction.

CloudFlare permitted a user to establish an account that configured the domain name Israel.tv to use CloudFlare's services and permitted new users to establish five new accounts on May 22, 2022, after Cloudflare received the Court's Order on April 29, 2002 (or May 2, 2022). Thus, CloudFlare's CDN services facilitate if not enhance the streaming of Defendant's pirated video content. Berner, ¶ 14; Kaufman, ¶¶ 4-6 and Ex. B.

Connecting internet users to Israel.tv in this manner benefits Defendants and quite fundamentally assists them in violating the injunction because, without it, users would not be able to connect to Defendants' site unless they knew the specific IP address for the site. Beyond the authoritative domain name server, CloudFlare's CDN services improve the performance of the Israel.tv site and Cloudflare is by far the best service provider of its kind. Berner, ¶¶ 3-6; *see also* *Arista Records, LLC*, 122 F. Supp. 3d at 36.

There can be no real dispute that CloudFlare had knowledge of the Order enjoining CloudFlare from providing services to the Defendants by April 29, 2022 (the date of service at its corporate headquarters), if not May 2, 2022 (the date CloudFlare was served at its registered agent's address). *See* Kaufman, ¶¶ 14-16 and Ex. E, F, G; *see also* Kaufman, ¶ 17 and Ex. H. Moreover, CloudFlare was aware of the allegations of Defendant's infringing conduct before then, as early as February 1, 2022 (when CloudFlare was served with Plaintiffs' subpoena duces tecum) or by March 28, 2022 (when CloudFlare responded to the subpoena duces tecum). Kaufman, ¶¶ 10-11and Ex. C and D. Despite receiving the Orders, Cloudflare allowed five new accounts to be opened that facilitate the infringing Website. Berner, ¶¶ 9-11 and Ex. A.

The courts that have addressed technological services comparable to CloudFlare's have

held that they fall within an injunction's reach where those services are knowingly used to facilitate injunction violations. See Arista Records, LLC, 122 F. Supp. 3d at 36-37; North Face Apparel Corp. v. Fujian Sharing Import & Export Ltd. Co., No. 10 Civ. 1630 (AKH), 2011 U.S. Dist. LEXIS 158807, *7 (S.D.N.Y. June 24, 2011) ("Public Interest Registry, for example, cannot continue to make the connections that enable customers attracted to defendants' websites to access those websites."; inviting plaintiffs to renew motion on theory that non-party had aided and abetted defendants in violating this court's orders). See also McGraw-Hill Global Educ. Holdings, LLC v. Khan, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018) ("transfer of domain names is an appropriate remedy to prevent further infringement of a copyright holder's rights")

Courts have enjoined nonparties that received actual notice of a request for an injunction requiring the nonparty to stop providing certain services and to disable computer services under their control which supported defendant's infringing activities. Dish Network, L.L.C. v. Dima Furniture, Inc., 2019 U.S. Dist. LEXIS 101098, *22-23, 2019 WL 2498224 (D. Md. June 17, 2019) (enjoining nonparty internet service provider). Such orders have been enforced for decades:

> As soon as South Central Bell was apprised of the fact that the subscriber, Constant, was, by use of South Central Bell's equipment, violating the injunction imposed by this Court, it had a duty not to act in any way in concert with Constant to effectuate or perpetuate the violation. South Central Bell had the means to prevent its equipment from being used to violate the injunction, and its failure to do so would, at the very least, have amounted to a passive participation in the violation.

South Cent. Bell Tel. Co. v. Constant, Inc., 304 F. Supp. 732, 736 (D. La. 1969).

Indeed, consistent with this Court's Order, ECF Dkt. #49, other courts have included CloudFlare within the reach of an injunction aimed at an infringing website. See, e.g., Dish Network LLC v. Dillion, 12 cv 157 BTM (NLS)2012 U.S. Dist. LEXIS 13277, *14, 2012 WL 368214 (S.D. Cal. Feb. 3, 2012) ("[A]ll website hosting, website optimization, and any other company or person that provides website services for the MFN domains, including without

limitation, CloudFlare, Inc., shall within 24 hours of receipt of this Order, cease all website services made in connection with the MFN domains."); *Malletier v. Cheaplouisvuittonoutlet.Com*, 21-62101-CIV-SCOLA/SNOW, 2022 U.S. Dist. LEXIS 68351, *24, 2022 WL 1294514 (S.D. Fl., Apr. 13, 2022) ("Plaintiff may serve this injunction on any service provider, including specifically Cloudflare, Inc., with a request to permanently cease providing any services to the Defendants in connection with any and all domain names…"); *AMBI Distrib. Corp. v. Fouad*, 1:21-cv-1961-RBJ-NYW, 2022 U.S. Dist. LEXIS 18493, *23-24 (D. Colo. Jan. 22, 2022) ("CloudFlare and any other service provider in active concert with Defendant …shall immediately cease said service upon notice of this order.")

Notably, Plaintiffs do not seek in this contempt motion to hold CloudFlare contributorily or vicariously liable for Defendants' copyright infringing conduct. Rather, Plaintiffs seek merely to have Cloudflare cease to provide services for which it is directly compensated: facilitating the pirating activities of the Defendants.

Plaintiffs anticipate that CloudFlare may object that it should not have to stop the conduct of an account holder who entered into a CloudFlare contract before the Order was issued. However, Defendants opened new accounts with Cloudflare as recently as May 22, 2022 . Berner, ¶¶ 9-11 and Ex. A. Thus, after Cloudflare was served with the Order on April 29, 2022 (or May 2, 2022, at the latest), they continued to serve the original websites and provided services to additional accounts for the benefit of Defendants, in direct violation of the Order.

For these new accounts, and even as to the previous accounts, CloudFlare presumably has been paid by the Defendants for its services, and thus has been compensated for maintaining Defendant's operations, allowing Defendants to continue to engage in their copyright infringement of Plaintiffs' movies, television series and sports programs. Ever since CloudFlare was on notice

of Defendants' infringing conduct, its continuing acceptance of payment in exchange for services that improve the Website's performance means that CloudFlare violates the Court's Order and facilitates Defendants' violating the Order as well. *See* [ECF Dkt. #49](#).

This is not a case of a third-party service provider that merely continued to host the content on its website as it had done prior to the issuance of the injunction. Rather, CloudFlare's authoritative domain name server and CDN service connects users to the Israel.tv site by translating a user's browser entry into the IP address for the site, and it also ensures faster load times and optimal performance for the site and allows the infringing content to be streamed to Defendants subscribers. This is far removed from passive hosting of content. *See [Arista Records, LLC](#)*, [122 F. Supp. 3d at 37](#)

CloudFlare cannot reasonably contend that it is merely providing the same service to Defendants that it would provide to anyone else. The Second Circuit has "held that a court's inquiry into the fact of aiding and abetting is 'directed to the actuality of concert or participation, without regard to the motives that prompt the concert or participation.'" *[Eli Lilly & Co. v. Gottstein](#)*, [617 F.3d 186, 193 (2nd Cir. 2010)](#) (citations omitted). "Thus, CloudFlare's motivations are not at issue." *[Arista Records, LLC](#)*, [122 F. Supp. 3d at 37.](#)

In sum, Plaintiffs respectfully submit that the Court find CloudFlare is in active concert or participation with the Defendants based on the following facts: (1) CloudFlare owns and operates the authoritative domain name server for the Website, which connects users entering the Israel.tv domain names into a web browser to the specific IP address associated with that site; (2) CloudFlare provides other services designed to improve the performance of the Israel.tv sites; and (3) CloudFlare opened five new accounts for the Website and continued to provide its services to Israel.tv after it received the Order on April 29, 2022, when served at its offices (if not, May 2,

2022, when served at its registered agent's office).

Furthermore, for the purpose of determining whether CloudFlare is in active concert or participation with the Defendants, it is not determinative that CloudFlare's services are automated, that CloudFlare lacks a specific desire or motivation to help the Defendants violate the injunction, or that the Israel.tv sites would continue to exist even without CloudFlare's assistance. Thus, CloudFlare is now bound by the permanent injunction. *Arista Records, LLC*, 122 F. Supp. 3d at 38.

Plaintiffs bring this motion on an emergency basis because, with every day that passes while CloudFlare fails to comply with the Court's Order, Defendants' copyright infringing conduct continues by means of CloudFlare's facilitating Defendants' streaming pirated content of thousands of movies, television shows, and sports programming. Kaufman ¶ 16. Plaintiffs respectfully submit that the Court should not condone Cloudflare's ignoring the Court's Order or turning a blind eye to Defendants' infringing, illegal conduct.

### B. Service on Cloudflare by Overnight Courier to Its Offices Is Appropriate

Cloudflare responded to a subpoena delivered to CloudFlare's offices located at 101 Townsend Street, San Francisco, CA 94107, Attn: Legal Department. Kaufman ¶¶ 7-8, Ex. C and D. Plaintiffs respectfully submit that service by UPS Air or other overnight courier on Cloudflare of the proposed Order to Show Cause (and documents filed in support thereof) be deemed sufficient upon service at the same address. *See also Mattel, Inc. v. WWW.FISHER-PRICE.ONLINE*, 21-cv-9608 (LJL) 2021 U.S. Dist. LEXIS 236910, *14-15, 2021 WL 5782445 (S.D.N.Y. Dec. 6, 2021) (authorizing service on Cloudflare by "delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com").

## **CONCLUSION**

WHEREFORE, Plaintiffs United King Film Distribution Ltd, D.B.S. Satellite Services (1998) Ltd, HOT Communication Systems Ltd, Charlton Ltd, Reshet Media Ltd, and Keshet Broadcasting Ltd respectfully request that the Court issue an Order pursuant to Fed. R. Civ. P. 65(d)(2) :

1. Holding Cloudflare, Inc. in contempt of court for failing to comply with the Court's Order dated April 26, 2022, which directed Cloudflare to cease providing services to defendant owners and operators of the infringing Website located at www.Israel.tv;

2. Directing Cloudflare to comply with the Order, ECF Dkt. #49, forthwith;

3. Awarding Plaintiffs' attorneys' fees and costs of this motion in an amount to be determined;

4. Allowing for service of the proposed Order to Show Cause by delivery through UPS Air or other overnight courier at the offices of Cloudflare, located at 101 Townsend Street, San Francisco, CA 94107, Attn: Legal Department.

5. For such other relief as the Court deems just and reasonable.

Dated: New York, New York
      June 7, 2022

KAUFMAN & KAHN, LLP

By: /s/ Mark S.Kaufman
Mark S. Kaufman
10 Grand Central
155 East 44th Street, 19th Floor
New York, New York  10017
Tel.:  (212) 293-5556
Email:  Kaufman@kaufmankahn.com
*Attorneys for Plaintiffs*