**Durie Tangri**

Joseph C. Gratz
jgratz@durietangri.com

June 16, 2022

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007

Re:  *United King Film Distribution et al. v. Does 1-10*, Case Nos. 1:21-cv-11024, -11025, and -11026 (KPF) (RWL)

Your Honor:

I represent non-party Google LLC, which is identified in Exhibit C to the injunctions entered on default in the above matters, ECF No. 49, and Google Fiber Inc., which is identified in Exhibit B.[1] In light of the pending OSC against Cloudflare, ECF No. 69, Google writes to identify its concerns regarding the injunctions and to inform the Court that we are meeting and conferring with Plaintiffs' counsel in advance of a potential motion to modify or dissolve the injunctions. We submit this "pre-pre-motion conference letter" in hopes that the substantial issues with the injunctions can be dealt with in an orderly fashion on an ordinary briefing schedule once any disputes have fully ripened, rather than on expedited submissions in the context of an OSC.

Google and counsel for Plaintiffs are discussing proposed modifications to the injunctions that would address Google's concerns regarding their scope and terms. Google is not in active concert or participation with the activities of the Defendants, and for that reason cannot properly be bound by an injunction in these cases. At the same time, however, Google does not want its services to be used to violate an injunction. Google is discussing with Plaintiffs what voluntary action Google is willing to take to assist in effectuating this Court's remedies against the Defendants, while taking into account Google's concerns regarding both the proper scope of injunctive relief in this matter and the parties against whom such relief may be granted.

In light of ongoing discussions with Plaintiffs' counsel, Google is not requesting any modification of the injunctions at this time; the issues are not yet ripe as to Google. But Google concurs in the concerns raised by Cloudflare in its submission, ECF No. 77. These are issues of some complexity, and to the extent that Plaintiffs and Google cannot reach an agreed modification to the injunctions that eliminates

---

[1] References herein to "Google" include both Google LLC and Google Fiber Inc.

Hon. Katherine Polk Failla
June 16, 2022
Page 2

the need for intervention by this Court, they are issues that would benefit from full briefing on a normal briefing schedule, rather than abbreviated submissions in the context of an emergency motion.

We have identified the following issues:

*First*, and most simply, every injunction "binds only" the parties, their agents, and "other persons who are in active concert or participation with" such persons. Fed. R. Civ. P. 65(d)(2). The injunctions entered in these cases purport to bind a variety of third parties who fall into none of those three categories—including Google. To be sure, the Court could grant injunctive relief against non-parties "pursuant to Rule 65(d) if Plaintiff demonstrated that any Financial Institutions and Third Party Service Providers were 'in active concert and participation' with the Defaulting Defendants." *Allstar Mktg. Grp. LLC v. 66LinMeiCheng66*, No. 19 CIV. 4209 (KPF), 2020 WL 3578094, at *2 (S.D.N.Y. July 1, 2020). "Rule 65(d) is designed to codify the common-law doctrine that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302–03 (2d Cir. 1999) (cleaned up). But the "Court cannot prejudge now—before knowing the facts—whether any particular financial institution or third party service provider is necessarily and by definition an aider and abettor." *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 381 (S.D.N.Y. 2020). For that reason, the provisions of the injunctions that enjoin Google and other third party service providers go beyond what is permitted by Rule 65.[2]

*Second*, the injunctions entered in these cases do not "describe in reasonable detail . . . the act or acts restrained or required," Fed. R. Civ. P. 65(d)(1)(C), in a number of respects. Specifically:

- They do not say who the defendants are or describe them with reasonable particularity. We do not know the identities of those with whom we are enjoined from doing certain kinds of business.

- They do not identify the websites to which they apply. The orders contain certain domain names, but the injunctions purport to apply equally to "any domain address known today (including **but not limited to** those set forth in Exhibit A hereto) **or to be used in the future** by the Defendants ('Newly-Detected Websites')." ECF No. 49 at 6 (emphasis added). They provide no process for those "Newly-Detected Websites" to be added by the Court, and appear to contemplate additional domains being added simply based on the unsupervised say-so of counsel for Plaintiffs.

- Finally, they do not say with particularity which services can or cannot be provided by service providers with respect to the identified domains. They purport to enjoin every service provider

---

[2] This is also true of the provisions purporting to require providers of Internet access service, including Google Fiber Inc., to prevent their users from accessing Defendants' websites; providing subscribers with access to the Internet as a whole does not aid and abet every operator of every website accessible on the Internet. But because those provisions were stayed, ECF No. 57, we do not discuss them in detail here.

Hon. Katherine Polk Failla
June 16, 2022
Page 3

>from providing any services "in conjunction with any of the acts set forth in" section II-A-1 through II-A-6 of the injunctions, which describe general categories of behavior rather than specific activities with respect to specific, identified copyrighted works.

Remedying this lack of detail would not render the injunctions permissible at their current scope, because *none* of the service providers whose conduct is addressed in Paragraph C are necessarily "in active concert or participation" with the Defendants, but the lack of detail compounds the issues by making it impossible to know what must be done to comply.

We are hopeful that our meet-and-confer efforts will prevent these disputes from ripening. In the meantime, to the extent the Court is inclined to rule on any of these issues in connection with the pending OSC, we request that the Court provide the opportunity for full briefing on an ordinary schedule, so that the Court has the benefit of a full record on which to decide these important questions.

Respectfully submitted,

*/s/ Joseph C. Gratz*

Joseph C. Gratz

cc:     All Counsel (via ECF)