UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED KING FILM DISTRIBUTION LTD, D.B.S. SATELLITE SERVICES (1998) LTD, HOT COMMUNICATION SYSTEMS LTD, CHARLTON LTD, RESHET MEDIA LTD, AND KESHET BROADCASTING LTD,<br><br>       *Plaintiffs,*<br><br>  v.<br><br>DOES 1-10, d/b/a Israel.tv,<br><br>       *Defendants.* | Civil Action No. 21-cv-11024 KPF-RWL<br><br>**ELECTRONIC FRONTIER FOUNDATION AND THE COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF NON-PARTY CLOUDFLARE, INC. AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT** |

Non-Parties the Electronic Frontier Foundation (EFF) and the Computer & Communications Industry Association (CCIA) request leave pursuant to Federal Rule of Civil Procedure 7(b)(1) to file the accompanying *Amicus* Brief of Electronic Frontier Foundation and Computer and Communications Industry Association in Support of Non-Party Cloudflare, Inc. and in Opposition to Plaintiffs' Motion for Contempt. Non-Party Cloudflare consents to this motion. Plaintiffs have not indicated whether they consent to this motion.

  **I.**  **STATEMENT OF INTEREST OF *AMICI CURIAE***

EFF is a member-supported, non-profit civil liberties organization that works to ensure that technology supports freedom, justice, and innovation for all. Founded in 1990, EFF has over 30,000 contributing members. EFF, its members, and their communities have an interest in a copyright system that fulfills its promise of promoting progress, while preserving free expression and access to knowledge. EFF regularly offers its expertise as *amicus curiae* in cases where a

copyright holder's attempts at enforcement of their copyrights threatens to cause collateral harms to these values.

CCIA is an international, not-for-profit membership association representing a broad cross-section of companies in the computer, Internet, information technology, and telecommunications industries. For fifty years, CCIA has promoted open markets, open systems, and open networks. CCIA and its members recognize the importance of combating copyright infringement online, and work closely with copyright owners against rogue sites that distribute infringing material. At the same time, however, CCIA has a compelling interest in ensuring that enforcement efforts are appropriately tailored to avoid unintentional, collateral injury to unrelated non-parties. A list of CCIA members is available at https://www.ccianet.org/members.

## II.    *AMICI* ARE NOT AFFILIATED WITH ANY PARTY.

No party's counsel authored the accompanying brief in whole or in part, and no party, nor any party's counsel, contributed money towards its preparation.  No person other than *amicus*, its members, or its counsel contributed money that was intended to fund preparing or submitting this brief.[1]

## III.   THE ATTACHED *AMICI* BRIEF OFFERS A UNIQUE PERSPECTIVE AND WILL AID THE COURT.

Courts have described the standard for submission of an *amicus* brief as whether it "will aid in the determination of the motion at issue." *James Square Nursing Home, Inc. v. Wing*, 897

---

[1] *Amicus* EFF previously represented Non-Party Cloudflare, Inc. as counsel in two cases, *Arista Records v. Vita Tkach*, No. 1:15-cv-03701-AJN (S.D.N.Y.) and *In re National Security Letter*, 33 F.4th 1058 (9th Cir. 2022). EFF does not currently represent Cloudflare as counsel. Cloudflare is a member of *amicus* CCIA, as are other entities identified in ECF No. 49. Cloudflare took no part in the preparation of this brief, nor has it provided or promised any financial support for this brief.

F. Supp. 682, 683 n. 2 (N.D.N.Y. 1995), *aff'd*, 84 F.3d 591 (2d Cir. 1996). Among other helpful roles of *amici*,

> [s]ome friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.

*Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (citing Luther T. Munford, *When Does the Curiae Need an Amicus?*, 1 J. APP. PRAC. & PROCESS 279, 281 (1999)). Judges in the Southern District of New York have allowed non-parties, including EFF, to file briefs as *amicus curiae*. *See, e.g.*, *Goldman v. Breitbart News Network, LLC, et al.*, No. 1:17-cv-03144-KBF, ECF 147 (Oct. 23, 2017); *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).

*Amici* respectfully seek leave to file an *amici curiae* brief in opposition to Plaintiffs' Motion for Contempt against Non-Party Cloudflare, Inc. because we are greatly concerned by the possible consequences that a finding of contempt, and any enforcement of the underlying injunction against unaffiliated non-party online service providers, will have on the due process rights of those service providers, and on the free speech and due process rights of Internet users generally. As explained in our proposed *amici* brief, Plaintiffs' interpretation of the injunction, and their attempt to enforce it through contempt sanctions, run contrary to laws that protect the rights of non-parties. In the context of a copyright infringement suit against the operators of a website, proceedings against unaffiliated non-party service providers present a particular danger of blocking lawful and constitutionally protected speech, and of imposing unfair and unnecessary compliance burdens. This perspective will inform the Court's consideration of Plaintiffs' motion, and of other attempts to enforce the injunction.

## IV. CONCLUSION

For the reasons discussed above, *Amici* request that this Court grant leave to file the accompanying brief.

DATED:  June 16, 2022

Respectfully submitted,

*/s/ Mitchell L. Stoltz*
Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993
Email: mitch@eff.org

*Counsel for Electronic Frontier Foundation*

Susan V. Metcalfe,
(NY Bar No. 5093455)
POTOMAC LAW GROUP, PLLC
1300 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (717) 951-5653
Facsimile: (202) 318-7707
Email: smetcalfe@potomaclaw.com

*Counsel for Computer & Communications Industry Association*