UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED KING FILM DISTRIBUTION LTD, D.B.S. SATELLITE SERVICES (1998) LTD, HOT COMMUNICATION SYSTEMS LTD, CHARLTON LTD, RESHET MEDIA LTD, AND KESHET BROADCASTING LTD, <br><br> Plaintiffs, <br><br> -- against -- <br><br> DOES 1-10, d/b/a **Israel.tv**, <br><br> Defendants. | Case No. 1:21-cv-11024-KPF-RWL <br><br> **DECLARATION OF MARK S. KAUFMAN IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND ORDER FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARK S. KAUFMAN declares the following, under penalty of perjury:

1.  I am an attorney duly licensed to practice law in this court, a partner at Kaufman & Kahn, LLP, attorneys of record for Plaintiffs United King Film Distribution Ltd, D.B.S. Satellite Services (1998) Ltd, Hot Communication Systems Ltd, Charlton Ltd, Reshet Media Ltd, and Keshet Broadcasting Ltd ("**Plaintiffs**"), and submit this declaration in support of the Proposed Order to Amend the Court's Order for Default Judgment and Permanent Injunction dated April 26, 2022 (the "**Order**") pursuant to Fed. R. Civ. P. 60(b)(6).

2.  The Proposed Order to Amend is intended to address the concerns raised by non-parties who e-filed with the Court, including Cloudflare in response to the motion for contempt (now withdrawn) and Google.

3.  Annexed and made **Exhibit 1** hereto is a true and correct copy of the Order dated April 26, 2022.

4.	Annexed and made **Exhibit 2** hereto is the proposed Amended Order redlined to show proposed changes to the Order (not including the Exhibits thereto).

5.	Plaintiffs have endeavored to amend the Order so that only non-parties who are within the scope of Fed. R. Civ. Pro. 65(d)(3), are subject to the Order with respect to the domains, applications (apps) and accounts of Defendants. Thus, Section II.A. provides, "Defendants, including their agents, servants, employees, affiliates, representatives, successors or assigns and any persons acting in concert or participation with them, having actual knowledge of" the Amended Order "by service, actual notice or otherwise" are directed to so comply with the proposed Amended Order.

6.	Plaintiffs also have endeavored to specify the domains, downloadable applications ("Apps") and accounts which the Defendants are using to facilitate their streaming their pirated, infringing content.

7.	Exhibit A-1 to the proposed Amended Order sets forth the domains and the domains' registrars and service providers as initially attached to the Order.

8.	Exhibit A-2 to the proposed Amended Order sets forth Newly-Detected Domains, their registrars and service providers (including CloudFlare).

9.	Annexed and made **Exhibit 3** hereto are true and correct copies of screenshots from the Newly-Detected Domains set forth in Exhibit A-2 to the proposed Amended Order, showing content available to Defendants' subscribers.

10.	The undersigned accessed such content by using a subscriber ID and password that had been used to access the infringing Website located at www.Israel.tv (the subject of the initial Order), before that domain was transferred to Plaintiffs pursuant to the Order.

11. Thus, upon information and belief, the domains set forth in Exhibit A-2 to the proposed Amended Order are owned and operated by Defendants (the owners and operators of the infringing Website), and each of those domains takes the subscribing user to the identical, infringing website for Israel TV.

12. As a result of the foregoing, Plaintiffs respectfully request that the domains set forth on Exhibit A-2 be enjoined in the same manner as had been required by the initial Order for those set forth on Exhibit A-1.

13. Annexed and made **Exhibit 4** hereto are screen shots from the infringing Website showing each of the downloadable applications (the "Apps") that Defendants invite their users to use in order to facilitate access to the Website from a variety of platforms.

14. Exhibit B to the proposed Amended Order sets forth each of the Apps and the service provider that provides access to and downloading of the App.

15. As a result of the foregoing, Plaintiffs respectfully request that the Apps set forth in Exhibit B be enjoined.

16. Annexed and made **Exhibit 5** hereto is the Facebook page for Israel TV. Among other things, it lists the newly detected domains set forth on Exhibit A-2 to the proposed Amended Order.

17. Note that the Facebook page also advises its readers to communicate with Israel TV through a particular email address, and to provide crypto currency payment through Moonpay.

18. Exhibit C to the proposed Amended Order (Ex. 2 hereto) sets forth accounts that facilitate communication and services with the Defendants to continue to engage in their infringing conduct, including the Facebook page, the email addresses and the account at Moonpay.

19. As a result of the foregoing, Plaintiffs respectfully request that the accounts set forth in Exhibit C be enjoined.

## CONCLUSION

WHEREFORE, Plaintiffs United King Film Distribution Ltd, D.B.S. Satellite Services (1998) Ltd, HOT Communication Systems Ltd, Charlton Ltd, Reshet Media Ltd, and Keshet Broadcasting Ltd respectfully request that the Court:

1. Issue the Amended Order; and

2. Provide for such other relief as the Court deems just and reasonable.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge.

Dated: New York, New York
July 1, 2022

KAUFMAN & KAHN, LLP

By: /s/ Mark S. Kaufman
Mark S. Kaufman
10 Grand Central
155 East 44th Street, 19th Floor
New York, New York  10017
Tel.: (212) 293-5556
Email: Kaufman@kaufmankahn.com
*Attorneys for Plaintiffs*