UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED KING FILM DISTRIBUTION LTD, D.B.S. SATELLITE SERVICES (1998) LTD, HOT COMMUNICATION SYSTEMS LTD, CHARLTON LTD, RESHET MEDIA LTD, and KESHET BROADCASTING LTD,<br><br>Plaintiffs,<br><br>-v.-<br><br>DOES 1-10 *d/b/a* ISRAEL.TV,<br><br>Defendants. | 21 Civ. 11024 (KPF) (RWL)<br><br>**AMENDED DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

KATHERINE POLK FAILLA, District Judge:

Plaintiffs United King Film Distribution Ltd, D.B.S. Satellite Services (1998) Ltd, HOT Communication Systems Ltd, Charlton Ltd, Reshet Media Ltd, and Keshet Broadcasting Ltd (together "**Plaintiffs**"), by their attorneys Kaufman & Kahn, LLP, having commenced this action against Defendants Does 1-10, d/b/a Israel.tv, as the owners and operators of the website, service and/or applications (the "**Website**") located at or linking to the domain www.Israel.TV;

Defendants having been properly served with the Summons and Amended Complaint on January 24, 2022, pursuant to the Court's Order for Expedited Discovery and Alternative Service dated January 19, 2022, and entered the same day (the "Order for Alternative Service");

None of the Defendants having filed a response to Plaintiffs' Amended Complaint or otherwise appeared in this action;

The Clerk of the Court having issued a Certificate of Default dated February 22, 2022;

Plaintiffs having moved for default judgment under Fed. R. Civ. P. 55 and for a Permanent Injunction; and

The Court having reviewed the Amended Complaint, Memorandum of Law in support of this Order, and supporting declarations and exhibits submitted therewith, including the Declaration of Mark S. Kaufman dated June 28, 2022, in support of amending the Order dated April 26, 2022, and pursuant to all papers and proceedings to date, this Court now finds with respect to the Defendants the following:

1.      Plaintiffs are movie, television, sports and news content producers and providers in Israel, providing copyrighted programming to hundreds of thousands of subscribers throughout Israel, by cable or satellite broadcasting and online through their own platforms.

2.      Plaintiffs own a valid U.S. copyright registration in each of at least 51 original works, and at least 273 unregistered works (not counting individual seasons and episodes, or individual sports events) subject to copyright protection as provided in the U.S. Copyright Act of 1976, as amended (the "Registered Copyrights"), which Plaintiffs produce and stream on the internet and broadcast for television in Israel (the "Plaintiffs' Works").

3.      Through the Website, Defendants have been re-broadcasting and streaming Plaintiffs' original content, broadcasting channels and TV services which are only authorized for broadcasting and/or viewing in the territory of the State of Israel and under a license (the "**Infringing Broadcasting**").

4.      The Infringing Broadcasting includes original content produced and owned by Plaintiffs, mostly in Hebrew, and also from major studios in the United States and elsewhere, licensed to Plaintiffs for broadcasting exclusively in Israel (except as expressly licensed for broadcast in the United States).

5.      Plaintiffs transmit their programming in an encrypted form, either as cable television transmission or via satellite transmission, and Defendants' various services and hardware permit end-user consumers to bypass the Plaintiffs' encryption to view Plaintiffs' content.

6.      Defendants are liable for direct, vicarious and contributory copyright infringement because the Website is re-broadcasting and streaming, in the United States, Hebrew-language television and online channels and content owned by Plaintiffs, and/or exclusively licensed for broadcasting and streaming in Israel, and because Defendants are circumventing technological measures that effectively control access to Plaintiffs' Works.

7.      Defendants are liable for violating the anti-circumvention provision of the Digital Millennium Copyright Act (DMCA).

8.      The copying, distribution, offering for sale and sale of Infringing Broadcasting will result in irreparable injury to Plaintiffs if injunctive relief is not granted;

9.      Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from Plaintiffs' and this Court's detection, including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information for the infringing Website; and

3

10.     Plaintiffs' harm from denial of the requested Preliminary Injunction would outweigh any harm to Defendants' legitimate interests from granting such an Injunction.

## I.     DAMAGES

IT IS HEREBY ORDERED that Plaintiffs are awarded damages against Defendants in the following amounts:

A.     Pursuant to 17 U.S.C. § 504(c), statutory damages in the amount of $150,000 for each of Plaintiffs' 51 Registered Copyrights, in the amount of $7,650,000;

B.     For Plaintiffs' attorneys' fees and costs pursuant to 17 U.S.C. § 505 in an amount to be determined and set forth in a separate judgment;

C.     For pre- and post-judgment interest on all monetary relief, from December 22, 2021, at the statutory rate of 9% per annum.

## II.     PERMANENT INJUNCTION ORDER

### A.     Against Defendants:

IT IS FURTHER ORDERED that Defendants, including their agents, servants, employees, affiliates, representatives, successors or assigns and any persons acting in concert or participation with them, having actual knowledge of this Default Judgment and Permanent Injunction Order (this "**Order**") by service, actual notice or otherwise, be and are hereby permanently enjoined and restrained from the following:

1.     Directly or indirectly infringing, transmitting, streaming, distributing, making available to the public, broadcasting, publicly

performing, linking to, hosting, promoting, advertising, or displaying in the United States, through the Website, or any other domain, server, website, device, application, service, or process, (a) any of the content produced, owned and/or distributed by Plaintiffs on their respective channels or websites or (b) any of the content that comprises any Plaintiff's channel or website or which any Plaintiff licenses to others for distribution;

2.      Directly or indirectly infringing any of Plaintiffs' exclusive rights in Plaintiffs' Works (including film, television, sports events and news broadcasting), whether or not registered, now in existence or later created, including without limitation by copying, streaming or otherwise distributing, offering for sale or selling (via the Internet or through other means) any of Plaintiffs' Works; and

3.      Operating Defendants' Infringing Website, whether at the domain https://Israel.tv, any of the other domain names set forth in **Exhibit A-1** or **Exhibit A-2** annexed to and made a part hereof, or at any domain address known today (including but not limited to those set forth in Exhibits A-1 or A-2 hereto) or to be used in the future by the Defendants ("**Newly-Detected Domains**");

4.      Operating any of the applications set forth in **Exhibit B** annexed to and made a part hereof;

5.      Using any of the accounts set forth in **Exhibit C** annexed to and made a part hereof;

6.      Selling, leasing, licensing, assigning, conveying,

distributing, loaning, encumbering, pledging, or otherwise transferring, whether or not for consideration or compensation, any part of their infringing operations or assets; or

7.     Removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' infringing Website(s), Defendants' assets and operations, or relating in any way to the copying, broadcasting, streaming or otherwise distributing, making available to the public, offering for sale and/or selling any of any reproduction or broadcasting feed of Plaintiffs' Works; and

8.     Transfer to Plaintiffs' ownership and control all domain names associated with the infringing Website, including without limitation those set forth in Exhibits A-1 or A-2 hereto, as well as any Newly-Detected Domains; and

### B.     Newly-Detected Domains

IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, and due to Defendants' on-going operation of their counterfeiting activities, in the event Plaintiffs identifies any Newly-Detected Website registered or operated by any Defendant and used in conjunction with the streaming any of Plaintiffs' Works, including such Websites utilizing domain names containing any of Plaintiffs'  service mark or marks confusingly similar thereto, Plaintiffs shall notify the Court in order to demonstrate the same  in order to further amend this Order and serve it on the domain name registries and/or the individual registrars

holding and/or listing one or more of such the domain names associated with the Newly-Detected Domains.

### C.   **Registrars and Registries**

IT IS FURTHER ORDERED as follows:

1.    That the domain name registries and/or the individual registrars holding and/or listing one or more of the domain names associated with the Newly-Detected Domains, within seven (7) days of service of a copy of this Order or any amendment thereto, shall temporarily disable any domain names associated with the Newly-Detected Domains and make them inactive;

2.    That within thirty (30) business days following the service of this Order or any amendment thereto, the registries and/or the individual registrars shall provide Plaintiffs with all contact information for the Newly-Detected Domains; shall transfer any domain names associated with the Newly-Detected Domains to the ownership and control of Plaintiffs, through the registrar of Plaintiffs' choosing, unless the Defendant has filed with the Court and served upon Plaintiffs' counsel a request that such Newly-Detected Domains be exempted from this Order or unless Plaintiffs requests that such domain names associated with the Newly-Detected Domains be released rather than transferred; and

3.    That any Defendant may upon two (2) business days' written notice to the Court and Plaintiffs' counsel, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of such domain names associated with

the Newly-Detected Domains belonging to or controlled by any Defendant;

      4.    That any registry or registrar of any domain to which this Order applies, having received actual notice of that fact from Plaintiffs, which objects to this Order may promptly raise with this Court its objection to this Order, and shall not be in contempt hereof prior to the resolution of such objection by the Court; and

### D.    Against Defendants' Monetary Accounts

IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders:

      1.    That until Plaintiffs have recovered the full payment of monies owed to them by any Defendant under this Order, in the event Plaintiffs discover new monies or accounts belonging to or controlled by any Defendant, Plaintiffs shall have the ongoing authority to serve this Order on any party controlling or otherwise holding such accounts, including but not limited to banks, PayPal or other merchant account providers, payment providers, or third party processors (each, an "**Account Holder**"); and

      2.    That each Account Holder shall immediately locate and restrain all accounts belonging to or controlled by such Defendant from transferring or disposing of any money, stocks or other of such Defendant's assets, and shall prevent such funds from being transferred or withdrawn by such Defendant and shall provide Plaintiffs with the information relating to those websites and/or accounts; and

      3.    That after thirty (30) business days following the service

of this Order on such Defendant and Account Holder, Account Holder shall transfer all monies in the restrained accounts to Plaintiffs, unless the Defendant has filed with the Court and served upon Plaintiffs' counsel a request that such monies be exempted from this Order; and

4.     That any Defendant may upon two (2) business days' written notice to the Court and to Plaintiffs' counsel, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of such new monies or accounts belonging to or controlled by any Defendant; and

**E.     Against Cloudflare**

1.     Prior to seeking the following relief from Cloudflare, Inc. ("Cloudflare"), Plaintiffs shall make reasonable, good faith efforts to identify and obtain relief for the identified domains from hosting providers and domain name registries and registrars. Identifying through ICANN or another "WhoIs" service and/or by submitting a notice to Cloudflare's abuse system, and serving, emailing, messaging through a website, or sending by overnight courier this Order with an explanation to the recipient shall be deemed sufficient means of engaging in such efforts.

2.     Promptly upon receiving notice of such efforts, Cloudflare shall cease providing to those domains set forth in Exhibits A-1 and A-2 the following: pass-through security services, content delivery network (CDN) services, video streaming services, and authoritative DNS services, DNS, CDN, streaming services, and any related services.

3. Plaintiffs acknowledge that Cloudflare's compliance with this Section II.E. will not necessarily prevent the Defendants from providing users with access to Defendants' infringing services.

### III. <u>Post-Judgment Discovery</u>

IT IS FURTHER ORDERED, that Plaintiffs may engage in post-judgment discovery pursuant to Fed. R. Civ. P. Rule 69 by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: (1) Defendants, their agents, servants, employees, affiliates, attorneys, successors or assigns and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, merchant account providers, payment processors or providers, credit card associations, or other financial institutions, including without limitation, PayPal and Moonpay which receive payments or hold assets on behalf of Defendants or of the infringing Website; and

IT IS FURTHER ORDERED, that any of the persons or entities set forth in the immediately foregoing paragraph pursuant to Rule 69 shall promptly after receipt of such notice, provide copies of all documents, communications and records in such person or entity's possession or control relating to any of the following:

1. The identities and addresses (physical and email) of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' infringing Websites and financial accounts (except

that domain name registration privacy protection services shall provide the information in this subparagraph F.1. within two (2) days after receipt of notice);

   2. The infringing Websites;

   3. Any domain names registered by Defendants associated with the infringing Websites, including without limitation any Newly-Detected Website; and

   4. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions, including without limitation, PayPal and Moonpay; and

IV. **Service of Process via Email**

  IT IS FURTHER ORDERED, that Plaintiffs shall serve a copy of this Order and service of process on Defendants through the "Contact Us" Portal on the Website and by email or other electronic means to addresses used by Defendants in conjunction with their infringing Website and set forth in the Order for Alternative Service, which Plaintiffs have demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4, shall be deemed sufficient service; and

  IT IS FINALLY ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation

and enforcement of this Default Judgment and Permanent Injunction Order.

Dated:      July 6, 2022
            New York, New York

_____
Hon. Katherine Polk Failla, U.S.D.J.

EXHIBIT A-1

| ains | Registrar: | Name Servers: | Registrant Contact | Technical Contact\info |
|---|---|---|---|---|
| www.israel.Tv | Name.com, Inc.<br><br>abuse@name.com | Name Servers: | Domain Protection Services, Inc.<br><br>PO Box 1769<br><br>Denver, CO   80201 | Registry Domain ID: 110126866 DOMAIN TV-VRSN |
| www.israeli.tv | Name.com, Inc.<br><br>abuse@name.com | | Domain Protection Services, Inc.<br><br>PO Box 1769<br><br>Denver, CO  80201 | Registry Domain ID: 86518386_DOMAIN_TV-VRSN |
| www.israeltv.com | Sea Wasp LLC, d/b/a Fabulous.com | | Jewella Privacy<br><br>Jewella Privacy LLC Privacy ID# 908758<br>5860 Citrus Blvd, Suite D, #172<br><br>Harahan, LA  70123<br><br>Phone:+1.5043550545<br><br>Email :<br><br>lsraeltv com @fab.JewellaPrivacy.com | Name:Jewella Privacy<br><br>Jewella Privacy LLC Privacy ID# 908758<br>5860 Citrus Blvd, Suite D, #172<br><br>Harahan, LA  70123<br><br>Phone:+1.5043550545 |

URLhttp://www.fabulous.com                172.64 33.219

abuse@fabulous.com

Email : israeltv com@**fab.JewellaPrivacy.com**

Namecheap, Inc.

www.israel-tv.xyz    NameCheap, Inc.    4600 East Washington Street, Suite    Namecheap, Inc.
                                      305, Phoenix, AZ 85034, USn                            Registry Domain ID: D96078989-CNIC
                                      Dns1.registrar-servers.com    4600 East Washington Street, Suite 305

                                      156 154.132 200    Phoenix, AZ  85034    Registrant handle: 9ann260ygljwdrnn

                                      dns2.registrar-servers.com    Attn :  Namecheap Legal Department
                                      156 154.133 200    Legal@namecheap.com
                      abuse@namecheap.com
                      +1 985-401-4545

                                                          Kalkofnsvegur 2
                                                          Reykjavik, Iceland  101

https://zira.to    Unknown

https://israeltv.to    Unknown

1.

**EXHIBIT A-2:**
**NEWLY DISCOVERED or UPDATED DOMAINS**

| Case | Domain Name | Registrar | DNS Server | Comments |
|---|---|---|---|---|
| Israel.tv | https://xn--0tr80i11eca131dda736e5v4b0duga450wha.xn--55qx5d/ | GuangDong NaiSiNiKe Information Technology Co Ltd. 幼戒戋戋帘成帕戋成柏和幼愉或幼夫帕柏.公司 | | Chinese |
| Israel.tv | israeltv.se | Unknown | DDOS-Guard Ltd https://DDOS-Guard Ltd.net/en | |
| Israel.tv | israeltv.nu | Sarek Oy https://sarek.fi/about/ | Cloudflare, Inc. | Finland |
| Israel.tv | israeltv.su | Unknown | DDOS-Guard Ltd | Nadia.ruslana@mail.ru |
| Israel.tv | isratv.ru | REGRU-RU | DDOS-Guard Ltd | |
| Israel.tv | israeltv.am | ABCDomain LLC | DDOS-Guard Ltd | Armenia |
| Israel.tv | israeltv.la | Sarek Oy | DDOS-Guard Ltd | Finland |
| Israel.tv | israeltv.bz | Sarek Oy | DDOS-Guard Ltd | Finland |
| Israel.tv | israeltv.hk | Nicenic International Group Co., Ltd | DDOS-Guard Ltd | Hong Kong |
| Israel.tv | israeltv.eu | Sarek Oy | Cloudflare, Inc. | Finland |
| Israel.tv | israeltv.is | 1337 Services LLC | Cloudflare, Inc. | Canada |
| Israel.tv | isr.live | NameCheap, Inc. | Cloudflare, Inc. | USA |

| **Israel.tv** | http://isr.dev | Namecheap | Cloudflare, Inc. | |
| **Israel.tv** | sup247.me | Namecheap | Cloudflare, Inc. | |

EXHIBIT B:

## APPLICATIONS (Apps)

| Case | Address | App Source | Service Provider | Comments |
|------|---------|-----------|------------------|----------|
| **Israel.tv** | https://play.google.com/store/apps/details?id=israel14.androidradio&hl=es_MX | GooglePlay Android App for IsraelTV | Google LLC | Israel Radio - TV Version |
| **Israel.tv** | https://play.google.com/store/apps/details?id=israel14.androidradio&hl=es_MX | GooglePlay Android App for IsraelTV<br><br>1.   Nvidia Shield | Google LLC | Israel Radio - TV Version |
| **Israel.tv** | https://play.google.com/store/apps/details?id=israel14.androidradio&hl=es_MX | GooglePlay Android App for IsraelTV<br><br>2.   Razer | Google LLC | Israel Radio - TV Version |
| **Israel.tv** | https://play.google.com/store/apps/details?id=israel14.androidradio&hl=es_MX | GooglePlay Android App for IsraelTV<br><br>3.   Xiamomi Mi | Google LLC | Israel Radio - TV Version |
| **Israel.tv** | https://play.google.com/store/apps/details?id=israel14.androidradio&hl=es_MX | GooglePlay Android App for IsraelTV<br><br>4.   Android box | Google LLC | Israel Radio - TV Version |
| **Israel.tv** | https://play.google.com/store/apps/details?id=israel14.androidradio&hl=es_MX | GooglePlay Android App for IsraelTV<br><br>5.   Android TV | Google LLC | Israel Radio - TV Version |
| **Israel.tv** | https://play.google.com/store/apps/details?i | GooglePlay Android App for IsraelTV | Google LLC | Israel FM - Mobile Version |

| | | | | |
|---|---|---|---|---|
| | d=israelfm.mobile | Android | | |
| **Israel.tv** | By invitation to subscribers | At TestFlight<br><br>Apple TV Box Streamer App for IsraelTV | Apple | Apple – TV Version |
| **Israel.tv** | By invitation to subscribers | At TestFlight<br><br>Apple iPhones and iPad Devices App for IsraelTV | Apple | Apple - Mobile Version |

| | | | | |
|---|---|---|---|---|
| **Israel.tv** | **apv.to** | Amazon Fire TV Box Streamer app for IsraelTV | Amazon<br><br>By<br><br>Downloader<br><br>With<br><br>AFTVnews<br>app | Input **apv.to** at Downloader |
| **Israel.tv** | **Live from Israel** | Roku App Channel | Roku | |
| **Israel.tv** | https://tv.xn--0tr80i11ecal31dda736e5vab0dugad450wha.xn--55qx5d/ | https://www.cnnic.com.cn/<br><br>幼戒戔戔帘戌帕戔戍柏和幼憸或幼夫帕柏.公司 | **Samsung Tizen WebBrowser** | |
| **Israel.tv** | https://tv.xn--0tr80i11ecal31dda736e5vab0dugad450wha.xn--55qx5d/ | https://www.cnnic.com.cn/<br><br>幼戒戔戔帘戌帕戔戍柏和幼憸或幼夫帕柏.公司 | **LG WebOS Web-universal search browser** | |

**EXHIBIT C:**
**DEFENDANTS' ACCOUNTS**

| Case | Account / Link | Service Provider | Comments |
|------|----------------|------------------|----------|
| Israel.tv | https://www.facebook.com/tvfromisrael/ | Facebook | Posts new domains, tech support addresses |
| Israel.tv | https://t2m.ac/cht<br><br>**which links to**<br><br>https://sup247.me/chat.php?v=2&client_id=43802&agent=MY | **T2M** | **Domain Shortener** Extension to domain via Facebook page. "We are online. Live chat"<br><br>**Registrar:** NameCheap, Inc. |
| Israel.tv | t2m.is/isr | T2m | **Domain Shortener** Via Facebook page |
| Israel.tv | t2m.ac/zira | T2M | **Domain Shortener** Via Facebook page |
| Israel.tv | isrtv@pm.me | Proton Mail | Message center, as per Facebook page |
| Israel.tv | Israel TV account, and/or TTPsf8BVs5H8jDAij9yp6pRqUjsLgiV8Mn | Moonpay | Via subscription payment directions, crypto payment facilitator |
| Israel.tv | https://cutt.ly/6DDhRau | Libyan Spider Network (int) | Blocked by Cuttly |
| Israel.tv | https://sini.la/wp69n | Sini.la | **Domain Shortener** Jumps to Chinese site; Via Facebook page |
| Israel.tv | https://sini.la/i48x5 | Sini.la | **Domain Shortener** |

| | | | Jumps to Chinese site; Via Facebook page |
|---|---|---|---|
| **Israel.tv** | Israel TV account | Apv.to | |