M6HPUNIC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED KING FILM DISTRIBUTION
LTD, ET AL.,

                Plaintiffs,

        v.                            21 CV 11024 (KPF)

DOES 1-10 d/b/a Israel.tv,

                Defendants.
------------------------------x
                                      New York, N.Y.
                                      June 17, 2022
                                      11:13 a.m.

Before:

              HON. KATHERINE POLK FAILLA,

                                      District Judge

                    APPEARANCES

KAUFMAN & KAHN, LLP
     Attorneys for Plaintiffs
BY:  MARK S. KAUFMAN


WINSTON & STRAWN LLP
     Attorneys for Respondent Cloudflare, Inc.
BY:  THOMAS J. KEARNEY
     SEAN ANDERSON
```

M6HPUNIC

1                (In open court)

2                (Case called)

3                MR. KAUFMAN:  Mark Kaufman for the plaintiffs, from
4    Kaufman and Kahn, LLP.

5                THE COURT:  Mr. Kaufman, good morning to you.

6                And at the back table, please?

7                MR. KEARNEY:  Thomas Kearney from Winston and Strawn
8    for non-party respondent Cloudflare.

9                THE COURT:  Thank you.

10               MR. KEARNEY:  And, your Honor, I have my associate,
11   Sean Anderson.  He has not made an appearance.  He is barred in
12   this court, and I understand you might want to admit him pro
13   hac vice for this hearing.

14               THE COURT:  I will do so that.  If he wishes to speak
15   further in this case, he will file a notice of appearance.

16               So, Mr. Anderson, am I directing my questions to you
17   this morning?

18               MR. ANDERSON:  No, your Honor.  I won't be speaking.

19               THE COURT:  After all of that?  Mr. Kearney, can he
20   talk?

21               MR. KEARNEY:  Belts and suspenders, your Honor.  He
22   may.

23               THE COURT: All right.  Throw him a bone.  Give him a
24   question.

25               All right.  Mr. Kaufman, let me speak to you first.

1   As I understand the lay of the land in this series of cases,
2   there are currently two sets of what I'll call discussions
3   going on.  We have this proceeding against Cloudflare, there
4   are discussions as well involving the Google entity.  Google is
5   not here today.  I don't expect to be dealing with them, but I
6   understand, at least I understand and perhaps I'm understanding
7   incorrectly, that your clients or you and the Google folks are
8   speaking to each other and seeing if things can be worked out
9   short of an appearance before me.
10          The concern that I have, sir, and the concern that I
11  wish to communicate to you, is that I have the information that
12  I had at the time that I issued the relief that I issued and,
13  of course, there are some interesting atmospherics in this
14  case.  There does seem to be infringement by the defendants, if
15  only we could really identify them, and at the time that I
16  issued that relief, they had not appeared.  They were not going
17  to appear, and I really didn't have the benefit of the
18  adversary process.
19          I have it now.  The more of these matters that I see,
20  and I think it's fair to say that between Cloudflare and the
21  Electronic Frontier Foundation's amicus brief that I received
22  last evening, I'm starting to be concerned that I may have
23  issued relief that was overbroad.
24          And I tell this to you because I think rather than
25  pursuing contempt today, I think you and the folks behind you

1   should talk and see if there isn't a way for your client to get
2   the redress it may deserve under the law regarding its
3   copyright protections, and then the folks at the back table
4   won't have to defend against contempt, which sounds bad, and
5   can be bad, and I don't have to make these decisions about
6   things such as whether there was active concert of
7   participation, or whether there has been adequate notice,
8   whether safe harbors may come into play.
9           So without telling you what to do, I think it might
10  make sense for you and the folks behind you to have a
11  conversation before we have an oral argument, but let me hear
12  from you and then I'll hear from Mr. Anderson.
13          MR. KAUFMAN:  I was going to suggest something very
14  similar, your Honor.
15          THE COURT:  Great.  Okay.  So what are you suggesting,
16  sir?
17          MR. KAUFMAN:  My suggestion is we've been trying to
18  communicate with Cloudflare since serving them with your order,
19  dated April 26th.  We served them April 29th, and then May 7th.
20  I sent e-mails, to abuse, at Cloudflare on May 11th and
21  May 19th, if I recall.  It's in my declaration.
22          THE COURT:  Yes.
23          MR. KAUFMAN:  We got no response, and we got no
24  response as to, at that time, Israel.tv, which at that time was
25  still extant and functioning.  If we had had someone to talk

1    to, we could have discussed these additional five newly

2    discovered domains, and we would love to have their

3    cooperation.

4            That being said, they not only have not spoken with

5    us, but their litigation history indicates that they would not

6    voluntarily help us.  It would be wonderful to have some

7    cooperation and simply stop providing services that enable

8    streaming of pirated content.

9            THE COURT:  Now, again, I won't make any promises on

10   their behalf that they will do that, but certainly you did give

11   me some documentation in your supplemental declaration that

12   suggests perhaps that the new folks might have some ties to the

13   old folks that you were looking to prevent from pirating the

14   content of your clients; so that is fine.

15           And I'm sure, as you know happens sometimes, it is the

16   institution of motion practice or a request for court

17   intervention that prompts a party to really think about what it

18   wants to do.

19           So what do you suggest?  Do you suggest perhaps

20   putting this over for 30 days so that you can speak with the

21   Cloudflare folks, or something other than that?

22           MR. KAUFMAN:  That part hadn't occurred to me.  Is it

23   feasible -- I don't know if -- every day that passes that these

24   pirates are streaming their content -- 30 days is a long time

25   for Cloudflare to say, we'll think about it and do nothing.

1                THE COURT:  Fair, fair.  My issue is, I'm running into
2    some trial obligations.
3                MR. KAUFMAN:  Yes.
4                THE COURT:  So I don't want to be the problem.
5                MR. KAUFMAN:  Could we go off the record for the
6    moment, your Honor.
7                THE COURT:  We could.  Let's go off the record,
8    please.  Yes.
9                (Discussion off the record)
10               THE COURT:  We're going back on the record.  Having
11   spoken with the parties and compared notes about schedules, I
12   am expecting progress to be made between today and the 28th of
13   June.
14               Obviously, gentlemen, and at the moment it's all
15   gentlemen, if talks breakdown before the 28th, write to me.
16   Write to me right away, but I want you to take a stab, if
17   you'll excuse the express, at trying to work this out
18   consistent with the protocols that Cloudflare has talked about
19   with respect to their concerns or their efforts to prevent
20   pirated content or from being involved with pirated content.
21               So I'll hear from you no later than the 28th.  I have
22   gotten what I think are commitments from both of defense
23   counsel to be attentive to this matter, and I thank them in
24   advance for their attentiveness.
25               Start talking now.  We are adjourned.  Thank you very

M6HPUNIC

1  much.
2          MR. KEARNEY:  Thank you very much, your Honor.
3          MR. KAUFMAN:  Thank you, your Honor.
4          (Adjourned)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25